Virginia Smith SEEGERS, Plaintiff,

v.

Robert STRZEMPEK, Defendant.

Civ. A. 13887.

United States District Court
E. D. Michigan, S. D.

March 1, 1957.

Moll, Desenberg, Purdy & Glover, Detroit, Mich., for plaintiff.

Willans, Frisbee & Ryal, Detroit, Mich., for defendant.

KOSCINSKI, District Judge.

Jurisdiction of this court in this cause is predicated upon the ground of diversity of citizenship between the parties. In her complaint plaintiff alleges that she is a citizen of the State of Illinois and that defendant is a citizen of the State of Michigan. Defendant moved to dismiss this action on the ground that plaintiff was a citizen of and was domiciled in the State of Michigan at the time the complaint was filed, hence there was no diversity of citizenship of the parties hereto as a basis for jurisdiction of this court. This motion is now under consideration.

The following facts are undisputed: Prior to September 3, 1954 plaintiff was domiciled in the State of Michigan. She registered as a voter, exercised voting privileges, worked and lived in the City of Detroit. On September 3, 1954 she married Lt. Herbert J. Seegers in Cheyenne, Wyoming, where Lt. Seegers was stationed with the United States Army Air Force. His home was in Elgin, Illinois at the time he entered military service. Plaintiff lived and cohabited with her husband in Cheyenne from the date of the marriage until October 20, 1954 when her husband left under army orders for Tokyo, Japan. Plaintiff then returned to her former residence in Detroit, resumed her former employment, and on November 4, 1954 voted in Detroit in the general election under her maiden name and the name under which she previously registered as a voter. This action was filed on November 2, 1954. In January, 1955, she left for Japan to join her husband and, upon completion of his period of service, accompanied him to his home in Elgin, Illinois, where she continued to live with him as husband and wife until the present time.

It is plaintiff's claim that she at all times after her marriage intended to establish a home with her husband in his home town upon completion of his term of military service, and to live with him in the meantime while he was in service, but that army regulations prevented her from joining him in Tokyo, immediately upon his departure for Japan. Defendant contends that she continued her domicile in Michigan after her marriage and that her return to her former residence and employment in Detroit, coupled with the exercise by her of voting rights in Detroit, support this contention.

A citizen of a state does not change his citizenship by entering military service even though he is assigned to duties in another state or country, and regardless of the term of service, unless he indicates an intent to abandon such original domicile and adopt a new one. Kinsel v. Pickens, D.C., 25 F.Supp. 455; Wise v. Bolster, D.C., 31 F.Supp. 856; Humphrey v. Fort Knox Transit Co., D.C., 58 F.Supp. 362. See also I Cyc. Fed.Proc., 3d Ed., Sec. 2.282, p. 459, and notes in 129 A.L.R. 1383 and 148 A.L.R.

1414. There was no showing that the domicile of plaintiff's husband was elsewhere than in Elgin, Illinois, at the time this action was filed.

The domicile of a married woman is that of her husband. This identity of domicile arises out of the common-law rule as to the unity of the spouses. An exception to this rule, where the unity is no longer a fact because of separate residence of the spouses under hostile circumstances, evidentiary of the breach of the marital unity, has not been extended to cases where a separate residence was acquired under amicable circumstances. See note in 90 A.L.R. 358, supplementing note in 75 A.L.R. 1254. See also 128 A.L.R. 1254.

This rule has been applied in federal courts in determining the citizenship of a married woman as respects jurisdiction of the federal court. See I Cyc.Fed. Proc., 3d Ed., Sec. 2.274, p. 451, and cases cited thereunder. Particularly applicable are the cases of Wise v. Bolster, D.C., 31 F.Supp. 856, and Price v. Greenway, 3 Cir., 167 F.2d 196. In the first of these cases the wife of an army man, who was a citizen of Iowa, was held to be a citizen of Iowa upon her marriage even though her husband was stationed in the State of Washington at the time of the marriage, the marriage occurred in Washington, and the wife was born and had always resided in Washington. In the second case a married woman whose husband's domicile was in Iowa and who was in the women's army corps stationed in New Jersey when the suit was filed in which the question arose, was held, for federal jurisdiction purposes, to be domiciled in Iowa even though she and her husband had separated although no divorce proceedings had been instituted, and notwithstanding that she boarded and worked in New Jersey after her marriage.

Although generally such matters as the place of voting and place of residence may be considered as bearing upon the intention of a party, which is the primary test in determining citizenship as respects federal jurisdiction, they are not indicative of any intent on the part of the plaintiff, in the instant case, of establishing a domicile separate and apart from that of her husband under hostile circumstances. Furthermore, the Michigan election statute, which requires residence for registration and voting purposes, specifically provides that should a wife have a residence separate from that of her husband, that place at which she resides the greater part of the time shall be her official residence for the purpose of that statute. C.L.1948, Supp.1954, Sec. 168.11. Plaintiff's exercise of voting privileges in the state of her residence would not defeat her claim of a domicile elsewhere, for purposes of federal jurisdiction.

Plaintiff's domicile at the time the complaint was filed was that of her husband, which was Elgin, Illinois, and there was, therefore, diversity of citizenship between the parties to this suit at the time of its filing.

Defendant's motion to dismiss is denied.