**Charles T. CORAL, Appellant,**

v.

**Gavino GONSE, Appellee.**

**No. 9139.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 6, 1963.

Decided April 15, 1964.

Leonard B. Sachs, Norfolk, Va. (Kanter, Kanter & Sachs, Norfolk Va., on the brief), for appellant.

Terry H. Davis, Jr., and Harry N. Gustin, Norfolk, Va. (Taylor, Gustin, Harris & Furniss, Norfolk, Va., on the brief), for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and BUTZNER, District Judge.

HAYNSWORTH, Circuit Judge:

When, in this diversity action, it appeared that the defendant was a resident of Virginia, the District Court declined to permit the plaintiff to renounce his allegation that he, the plaintiff, was a resident of Virginia. The District Judge thereupon dismissed the action for want of diversity. We affirm that dismissal.

Plaintiff and defendant are shipmates in the United States Navy. Each was born in the Philippines; each is a naturalized American citizen, the defendant having obtained his citizenship in Norfolk, Virginia, while the plaintiff obtained his in Hawaii. Each maintains a home in Norfolk, Virginia, for his wife and children, and for himself when he is there. At the time of the accident, the two shipmates were headquartered in or out of Charleston, South Carolina. When

the automobile accident occurred, they were en route together in the plaintiff's automobile driving from Charleston to Norfolk for the purpose of spending the weekend with their families. At the plaintiff's request, the defendant was driving at the time of the accident, and the plaintiff seeks damages for the injuries he suffered.

In his complaint, the plaintiff alleged that he was a citizen and a resident of Virginia, while the defendant was alleged to have been a citizen and resident of some state other than Virginia.

At a preliminary hearing on the jurisdictional question, as a result of a pleading denying diversity of citizenship, strong evidence was adduced that the defendant, in fact, is a citizen and resident of Virginia. The plaintiff did not undertake to question that evidence or counter it in any way. Instead, for the first time, he took the position that he was not a resident of Virginia, but a resident of the Philippines. Though he is married to a Caucasian wife, was naturalized in Hawaii, and has been in the service of the United States Navy for more than eighteen years, he offered to prove that he had always intended to return to the Philippines upon his retirement from the Navy, that return to the Philippines upon retirement was still his intention, and that he had always regarded himself as a resident of the Philippines. He sought leave to amend the complaint to allege that he was a resident of the Philippines and that the defendant was a resident of Virginia.

Rule 15 of the Federal Rules of Civil Procedure provides a liberal practice in the allowance of amendments to formal pleadings. Under Rule 15(a), a pleading may be once amended as of course before a responsive pleading is filed. Defective jurisdictional averments are readily correctible in the light of proof even after the proofs are in.

This is an extraordinary situation, however, presenting an unusual question not readily answered by a mechanical application of Rule 15 or other principles calling generally for a liberal allowance for formal amendments to pleadings. For the purpose of founding the jurisdiction of the court, the plaintiff had solemnly and formally asserted that he was not only a resident of Virginia but a citizen of Virginia. The averment is in the nature of a judicial admission, for it was a formal declaration of fact peculiarly within his own knowledge. He might have been unaware of some legal principle affecting an ultimate determination of his citizenship, or of his legal residency, but he could not have been unaware of the underlying facts. Under these circumstances, after having been confronted with almost conclusive proof that the defendant was a resident of the same state of which he claimed to be a resident, he ought not lightly to be allowed to reverse his field and take an inconsistent position.

We do not decide that the allegation was a judicial admission foreclosing a subsequent action with an inconsistent allegation.[1] The District Court did not hold the allegation to be a judicial admission. It granted the motion to dismiss and denied leave to amend as an exercise of its discretion when it appeared that the motion to amend, made at the conclusion of a hearing which, otherwise, would require the granting of the motion to dismiss, came too late. It recognized that the plaintiff could commence a new action in the District Court, embarrassed by his earlier inconsistent allegation only because of its impeaching effect. We affirm on that basis.

Considering the nature of the averment, its probable truth even in the light of the present claim, the fact that this averment was not at issue, and the fact that there was no suggestion of mistake

---

1. Of course, even a judicial admission does not always foreclose a different position. If the District Court, convinced that an honest mistake had been made, the original allegation was untrue and that justice required relief, it may, in its discretion, relieve the party of its otherwise binding consequence. See 9 Wigmore on Evidence, § 2588, et seq.

until after the defendant's status as a resident of Virginia was established and the motion to dismiss was about to be granted, we think it was well within the District Court's discretion to refuse to hear the plaintiff's proffered testimony and to dismiss the action for want of diversity of citizenship.

Affirmed.