Marshall T. DEESE, Plaintiff,

v.

Dr. Joseph L. HUNDLEY, Defendant.

Daisy DEESE, as Administratrix of the Estate of Sherry Deese, deceased, Plaintiff,

v.

Dr. Joseph L. HUNDLEY, Defendant.

Civ. A. Nos. 4751, 4752.

United States District Court
W. D. South Carolina,
Rock Hill Division.

Heard Aug. 6, 1964.
Decided Aug. 15, 1964.

Jack L. Marshall, John C. West, Camden, S. C., for plaintiffs.

M. M. Weinberg, Perry M. Weinberg, Sumter, S. C., for defendant.

HEMPHILL, District Judge.

Plaintiffs move to remand to the Court of Common Pleas for Kershaw County pleading this Court is without jurisdiction because of a lack of complete diversity of citizenship between parties and/or any Federal statute or question. Action is for damages arising out of automobile collision in Kershaw County in which complaint, originally filed July 15, 1964, alleges residence of plaintiff, plaintiff-Administratrix (plaintiff's wife) and defendant as Florida. Defendant contends plaintiffs are residents of South Carolina, *inter alia*, in accordance with 28 U.S.C. §§ 1441(a) and 1446, at the same time admitting defendant's Florida residence.

◼ There is no material dispute as to the facts in this matter; the only problem is determining their significance. The problem for the Court is the question of "citizenship". For purposes of Federal diversity jurisdiction, a party is a citizen of the State of which he is domiciled. Williamson v. Osenton, 232 U.S. 619, 624, 34 S.Ct. 442, 58 L.Ed. 758.

Pleadings and affidavits clearly establish that as of July 15, 1964, defendant was a domiciliary of Florida: There is no dispute about that whatever. The point of divergence is that defendant claims that plaintiffs are citizens or domiciliaries of South Carolina, and plaintiffs claim that they are citizens or domiciliaries of Florida. (Of course, if both are citizens of Florida, there is no diversity, and hence, no jurisdiction in this Court.)

◼ The "jurisdictional" facts are as follows: Plaintiff, Marshall T. Deese,[1] a "native" of Kershaw County, a career man in the United States Navy, is stationed at the Naval Base, Mayport, Florida. On November 11, 1963, plaintiff and defendant were in an automobile collision in Kershaw County. Plaintiff has been living in Florida [2] for over two years, and resided there at the time of the accident; he had come to South Carolina to visit his parents. He moved to Florida, with perhaps intermediate stops, from his "native" South Carolina under official orders. These official orders had directed him to report for duty at his present assignment as well. Plaintiff, who still carries a valid South Carolina driver's license, owns no property in South Carolina, has not voted in South Carolina since his reentry on active duty over two years ago, and has not filed a 1963 South Carolina income tax return, though he had apparently done so in past years. His affidavit indicates an intention to vote in Florida in the upcoming General Election, and he has a Florida registration on his automobile. Prior to the institution of this action, plaintiff was living off the Naval Base and had contracted to purchase a home into which his family plans to move "as soon as (a) * * * loan is approved." Both plaintiff and wife indicate

---

1. Plaintiff, Daisy Deese, wife of Marshall Deese, is administratrix of estate of Sherry Deese, deceased, who was allegedly killed as a result of defendant's wrongful acts. (Hereafter, term "plaintiff" shall refer to both plaintiffs as the domicile of a wife is that of her husband.

2. Plaintiff was assigned to temporary quarters at the Naval Base at the time of the accident, but lived nearby at Atlantic Beach, Florida, prior to the institution of this suit.

by affidavit their intention is to remain in Florida as permanent residents.

Plaintiff's infant daughter was killed in the accident,[3] and defendant asked the Court to note that the death certificate for the child indicated that her "Usual Residence" was South Carolina.

Request has also been made to note an unsworn statement made by plaintiff a few days after the collision, the substance of which was that plaintiff lived at his "present address" in Kershaw, South Carolina, for the past 29 years, and that he had "a temporary address at the Naval Base, Mayport, Florida."

"A citizen of a state does not change his citizenship by entering military service even though he is assigned to duties in another state or country, and regardless of the term of service, unless he indicates an intent to abandon such original domicile and adopt a new one." Seegers v. Strzempek, 149 F.Supp. 35, 36 (D.C.Mich.1957). It naturally follows that intention is the primary test. Id. at 37. See also Phillips v. South Carolina Tax Commission, 195 S.C. 472, 12 S.E.2d 13, 17. This intention must be accompanied by a voluntary act. Idem; Haymes v. Columbia Pictures Corp., 16 F.R.D. 118, 120 (D.C.N.Y.1954). Note as well, Garret v. Mallard, 238 F. 335, (4th Cir. 1916); Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360. In the instant case, plaintiff was living "temporarily" at the Naval Base in Florida. As long as he remained on that Base, he could never become a domiciliary of Florida because his act of moving to Florida was not accompanied by an *independent intention*; he was under orders of the Commander-in-Chief. However, once plaintiff moved from the Base of his own volition and then and there determined he wished to be a domiciliary of Florida, a citizen of Florida he became. The motive is immaterial. The law is concerned only with the fact of domicile. Williamson v. Osenton, supra, 232 U.S. at 625, 34 S.Ct. at 443; Haymes v. Columbia Pictures Corp., supra, 16 F.R.D. at

123. It is only essential that this domicile be established prior to the institution of suit. Chief Justice John Marshall noted long ago that "a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." Conolly v. Taylor, 27 U.S. (2 Pet.) [555] 556, 563, 7 L.Ed. 518.

I find as a matter of fact that plaintiff formed an intention of becoming a "citizen" of Florida and performed such acts consistent and coterminous therewith so as to be a "citizen" or "domiciliary" of Florida.

Accordingly, I find that both plaintiff and defendant are citizens of Florida within the meaning of the Federal Rules and that this Court has no jurisdiction to proceed further.

It is, therefore, ordered that this matter be remanded to the Court of Common Pleas for Kershaw County, South Carolina, with costs to follow.

And it is so ordered.