Almeta D. MILLER, Plaintiff,

v.

Mrs. Anna Bell LEE, George C. Blalock and 1962 Oldsmobile Fordoor Sedan, displaying 1963 N. Y. License plates No. 128146, Defendants.

Civ. A. No. 4540.

United States District Court
W. D. South Carolina,
Greenwood Division.

Heard April 29, 1965.

Decided May 3, 1965.

John H. Wrighten, Frank E. Cain, Jr., Kingstree, S. C., W. H. Strickland, Greenville, S. C., and Matthew J. Perry, Columbia, S. C., who appeared at hearing, for plaintiff.

J. E. McDonald, and J. William Bradford, Jr., of Grier, McDonald, Todd, Burns & Bradford, Greenwood, S. C., for defendants.

HEMPHILL, District Judge.

Defendant moves dismissal of the action under Rule 12(b),[1] Rules of Civil Procedure, United States District Courts on grounds that jurisdiction of this Court fails because of lack of requisite diversity of citizenship.[2] Plaintiff resists on basis of affidavit herein discussed.

Plaintiff alleges residence in Edgefield County, South Carolina and "That plaintiff is informed and believes that the defendant Annie Bell Lee and her co-defendant, George C. Blalock are both residents and citizens of the State of New York and reside at 200 Ocean Avenue Woodmere, New York."

[1] "How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. * * *"

[2] 28 U.S.C. § 1332.

Defendant George C. Blalock's supporting affidavit, attached to Notice of Motion, reads as follows:

"I am twenty-seven (27) years of age and was born on June 23, 1936, in Edgefield, S. C. I was raised in Edgefield and educated in Edgefield County Schools. During this time I lived with my grandmother, Minnie Bell Chinn, who was a resident of Edgefield, S. C. From 1950 to 1955, I was in school at Mather Academy in Camden, S. C., and during vacations I returned to Edgefield to my grandmother. In 1955 to 1957 I attended Clark College in Atlanta, Georgia and during vacations again returned to my grandmother at Edgefield. My grandmother moved to Philadelphia about 1956 and died about 1957. After she moved to Philadelphia, and after I began attending Johnson C. Smith University in Charlotte, North Carolina, I began spending my school vacations with my mother, who had a 'sleep in' job in or near New York City. When I finished Johnson C. Smith in 1960, I entered the Marine Corps. I spent one leave from Marines with my mother near New York City and one leave with my mother at my home in Edgefield. On discharge from the Marines in 1963, I spent approximately one (1) month at my home in Edgefield and then got a temporary job in New York City until August of 1963. In August of 1963, I returned to Edgefield taking a position as coach and physical education instructor at Edgefield County High School in Edgefield, S. C. I have always considered my permanent home to be in Edgefield. I now live at 225 Timmerman Street, Edgefield, S. C., in a home owned by my mother. I live there alone. I intend to register as a voter in Edgefield County when the statutory period of residence has passed. I have now made an oral agreement to continue my job with the Edgefield County High School next year. As I have pre-

viously indicated, I have always considered Edgefield my home and my permanent residence. This is particularly true since I got my teaching job in Edgefield in 1963. At the time of my automobile accident in September of 1963, I intended to make Edgefield my permanent home and the same was true of my intention in February of 1964 when suit was brought against me and my mother by Almeta Miller on account of the automobile accident of September of 1963."

The affidavit of Anna Bell Lee states:

"I, Anna Belle Lee, being 42 years of age, divorced make the following statement. I maintain a legal residence at 225 Timmerman Street, Edgefield, South Carolina, a one family dwelling which I own and occupy at least four months of the year. Part of the year, I am employed as a cook by Mr. and Mrs. Fabian Crystal at 200 Ocean Avenue, Woodmere, New York. When I am in Woodmere, living quarters are provided on the premises by my employers. I hold a South Carolina operator's license, as well as a New York operator's license. My son, George Blalock, age 26, is a coach and Physical Education teacher at Edgefield High School and also resides at 225 Timmerman Street, Edgefield, South Carolina. I do not vote in either state but I do pay my taxes in South Carolina and have never established a legal residence anywhere else."

At the hearing plaintiff produced (and Court received without objection) affidavit as follows:

"I am twenty three (23) years of age and I was born in Williamsburg County on the 18th day of July 1941. I am a graduate of Tomilson High School in Kingstree, S. C., and Clafin College in Orangeburg, S. C. That on or about August 27th, 1963, I commence teaching at the Edgefield County High School and I then and there met Mr. George C. Blalock

who informed me that he was from New York City and that he had only come South to work for the year of 1963 and that he was going back home to New York and going on to school. I noticed also that his 1962 Oldsmobile was displaying 1963 license plates and he also had a New York's drivers license. From the time I met him to the date of the accident, I have always considered him as a resident of New York."

Under Section 1332, supra, jurisdiction of this Court is predicated, as to diversity, on "complete diversity." As interpreted and defined in Strawbridge et al. v. Curtiss et al.,[3] the language of Congress means:

"* * * these expressions * * mean, that each district interest should be represented by persons, all of whom are entitled to sue, or may be sued, in the Federal Courts. That is, when the interest is joint, each of the persons concerned in that interest must be competent to sue, or liable to be sued, in those [United States] Courts."

■ A federal court is a court of limited jurisdiction,[4] and federal jurisdiction is never implied or assumed.[5] As a matter of law, all presumptions are against the jurisdiction of a federal District Court.[6] One who seeks to invoke the jurisdiction must *allege* and *prove* the facts necessary to that jurisdiction and has such burden when jurisdiction is challenged.[7] The famous case of Marbury v. Madison (1803) 1 Cranch 137, 2 L.Ed. 60, is bedrock authority for limiting the jurisdiction of the federal courts to that edicted by the Constitution, or constitutionally defined by Congress.

The *Record* in this case not only includes the affidavits hereinabove, but the "Return on Service of Writ" by the United States Marshal for the Western District of South Carolina shows personal service of the Summons and Complaint on defendant *George C. Blalock* personally at 225 Timmerman Street at Edgefield, S. C. on the 26th day of February, 1964.

■ Though the Fourteenth Amendment declares that citizens of the United States are citizens "of the State wherein they reside," it is quite settled that mere residence in a state is not enough for purposes of diversity, and that the more elusive concept of "domicile" is controlling.[8]

■ A citizen of the United States can change his domicile instantly. To do so, two elements are necessary. He must take up residence at the new domicile and he must intend to remain there. Neither the physical presence nor the intention to remain is alone sufficient. He need not intend to remain permanently at the new domicile; it is enough that he intends to make the new state his home and that he has no present intention of going elsewhere.[9]

■ Plaintiff has failed to discharge her burden of *proving* jurisdiction. Defendant George C. Blalock has unequivocally established citizenship and domicile in South Carolina. As to defendant Lee, the burden being on plaintiff to establish *non residence* herein, this Court finds plaintiff failed to discharge the burden. No such diversity of citizenship exists as to confer jurisdiction on this Court; it is without jurisdiction to proceed further with this litigation.

3. (1806) 3 Cranch 267, 2 L.Ed. 435.

4. Kempe's Lessee v. Kennedy, 5 Cranch 173, 9 U.S. 173, 3 L.Ed. 70; McQuillen v. Nat. Cash Register Co., 112 F.2d 877 (4th C.C.A.); Sheppard v. Cornelius, 194 F.Supp. 823 (D.C.W.Va.).

5. See Note 4.

6. South Carolina State Ports Authority v. Seaboard Air Line Ry. and North Charleston Terminal Co., 124 F.Supp. 533 (E.D.S.C.1954).

7. In re Chaney, 39 F.Supp. 696 (W.D.Va. 1941).

8. Wright on Federal Courts (1963) p. 74.

9. Wright, supra, p. 75.

This determination is without prejudice to plaintiff's right to proceed in other forums; of them this Court has no present jurisdiction.

Motion granted. Action dismissed.

And it is so ordered.