Eleanor GAMBELLI, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 2:94cv868.

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 6, 1995.

William David Breit, Breit, Drescher & Breit, Norfolk, VA, for Eleanor Gambelli.

Anita Kay Henry, United States Attorney's Office, Norfolk, VA, for United States.

Lynn Ellen Watson, Thomas Charles Dawson, Jr., Heilig, McKenry, Fraim & Lollar, Norfolk, VA, for Nicholas Huntzinger and

State Farm Mutual Automobile Insurance Company.

### MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

## I. INTRODUCTION

Plaintiff Gambelli moves the Court for permission to amend its complaint to allege diversity jurisdiction. In arriving at the instant motion, the case has taken an irregular procedural route and the Court now summarizes below the steps leading to the pending motion.

Following oral argument and by order dated June 20, 1995, the Court dismissed the United States as a party to this action. In addition, at the request of Plaintiff, the Court dismissed the remaining Defendants on the ground that the Court no longer had jurisdiction. Although, Plaintiff requested the Court to remand the case to state court, the Court discovered that Plaintiff had not removed this case from state court. Therefore, the Court denied Plaintiff's motion for remand and simply dismissed the case. Plaintiff then moved this Court to rehear the issue of jurisdiction based upon 28 U.S.C. § 1332, arguing that there is diversity of citizenship amongst the parties and that the amount in controversy exceeds $50,000. The Court granted Plaintiff's motion to rehear and held a hearing on August 24, 1995.

At the hearing, counsel for the Plaintiff urged this Court to allow it to amend its pleadings to allege jurisdiction pursuant to 28 U.S.C. § 1332. Defendants opposed the motion to rehear and at the hearing argued that at the time of the accident, Defendants and Plaintiffs were all domiciled in Norfolk, VA, and thus the case should remain dismissed for want of federal jurisdiction.

For the reasons that follow, the Court **DENIES** Plaintiff's motion to amend the complaint, allowing to stand the Court's earlier dismissal of the case for want of jurisdiction.

## II. LEGAL STANDARDS

### A. Jurisdiction

 A plaintiff seeking relief in federal court bears the burden of alleging and proving the facts conferring jurisdiction. *Sligh v. Doe*, 596 F.2d 1169, 1170 (4th Cir.1979) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1935); Charles A. Wright, Handbook of the Law of Federal Courts 15–16 (2d ed. 1970)). In invoking the jurisdiction of a federal court pursuant to 28 U.S.C. § 1332 a plaintiff must allege and prove that the parties are completely diverse in citizenship and that the amount in controversy exceeds $50,000. Moreover, if the defendant challenges the plaintiff's allegations of jurisdictional facts, "the plaintiff bears the burden of supporting the allegations by competent proof." *Thomson v. Gaskill, et al.*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188, 56 S.Ct. 780, 784–85, 80 L.Ed. 1135 (1935)) (other citations omitted); *Johnson v. General Motors Corp.*, 242 F.Supp. 778, 779 (E.D.Va. 1965) ("It is fundamental that where diversity is challenged, the plaintiff has the burden of establishing that diversity exists.").

 Although the statute does not define citizenship, courts have held that it is the individual's domicile which is the state the individual considers her permanent home. *Dyer v. Robinson*, 853 F.Supp. 169, 172 (D.Md.1994). In the State of Virginia, "[d]omicile is residence or physical presence accompanied by an intention to remain for an unlimited time." *Smith v. Wellberg (In re Wellberg)*, 12 B.R. 48 (Bankr.E.D.Va.1981) (citing *Smith v. Smith*, 122 Va. 341, 94 S.E. 777 (1918); *Layton v. Pribble*, 200 Va. 405, 105 S.E.2d 864 (1958)). Domicile is distinguished from residence, in that an individual may have more than one residence but only one domicile. *Commissioner of Internal Revenue v. Nubar*, 185 F.2d 584, 587 (4th Cir.1950) (citing *In re Newcomb's Estate*, 192 N.Y. 238, 84 N.E. 950, 954 (1908)). Particularly in the case of members of the armed forces, "'[a] citizen of a state does not change his citizenship by entering the military service even though he is assigned to

duties in another state or country, and regardless of the term of service, *unless* he indicates an intent to abandon such original domicile and adopt a new one.'" *Deese v. Hundley*, 232 F.Supp. 848, 850 (W.D.S.C. 1964) (emphasis added) (quoting *Seegers v. Strzempek*, 149 F.Supp. 35, 36 (D.C.Mich. 1957)). An individual may change his domicile instantly by taking up residence in another state with the intent to remain there. "He need not intend to remain permanently at the new domicile; it is enough that he intends to make the new state his home and that he has no present intention of going elsewhere." *Miller v. Lee*, 241 F.Supp. 19, 22 (W.D.S.C.1965) (citation omitted). *Deese* held, however, that a member of the military can not become a domiciliary of the state in which she is stationed if she lives on base. A change in domiciliary, according to *Deese*, requires an act of volition; residence at a duty station is in response to an order, not a voluntary act. *Deese*, 232 F.Supp. at 850.

■ Courts have examined a number of facts which indicate an intent by a member of the armed forces to change her domicile to the state in which she is serving. These factors include purchasing or renting a home off-base, registering one's car in that state, obtaining a driver's license in that state, joining community groups, and testifying to one's intention to remain in the state where stationed. *Mizell v. Eli Lilly & Co.*, 526 F.Supp. 589, 592 (D.S.C.1981). *See also Deese*, 232 F.Supp. at 850 ("[O]nce plaintiff moved from the Base of his own volition and then and there determined that he wished to be a domiciliary of Florida, a citizen of Florida he became."); *Griffin v. Matthews*, 310 F.Supp. 341, 343 (M.D.N.C.1969) ("In determining whether a party has intended to establish a domicile in the state to which he has moved, the court will look to such circumstances as his declarations, exercise of political rights, place of business, and other factors that aid in the determination of a state of mind.") (citing CHARLES A. WRIGHT, FEDERAL COURTS § 26 (2d ed. 1970)). More generally, the Fourth Circuit has held that barring evidence to the contrary, the logical conclusion in the case of an individual involved in a traffic accident driving a car with Virginia

license plate is that the driver is a Virginia resident. *Sligh*, 595 F.2d at 1171.

## B. Amending the Complaint

■ The Federal Rules of Civil Procedure govern the plaintiff's ability to amend his complaint. Rule 15(a) of the Federal Rules of Civil Procedure states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

FED.RULES CIV.P. 15(a). The disposition of a motion to amend is within the discretion of the Court. *Murray v. State Farm Fire & Casualty Co.*, 870 F.Supp. 123, 125–26 (S.D.W.Va.1994) (citing *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir.1987)). Rule 15(a) "mandates a liberal reading of the rule's direction for 'free' allowance: motions to amend are to be granted in the absence of a 'declared reason' 'such as undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party ..., futility of amendment, etc.'" *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir.1987) (citing and quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

## III. ANALYSIS

Plaintiff filed a motion to rehear on June 27, 1995 pursuant to Rule 60 of the Federal Rules of Civil Procedure on the grounds that the Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 and thus that the Court should not have dismissed the action. State Farm Mutual Automobile Insurance Company ("State Farm Insurance Co."), representing Defendant Huntzinger, opposed the motion to rehear because the complaint fails to allege diversity of citizen-

ship. More specifically, the complaint does not allege the citizenship or domicile of the Plaintiff or the Defendants nor that the Defendants' domiciles or citizenship is diverse from that of the Plaintiff.

At the hearing on August 24, 1995, Plaintiff urged the Court to grant leave to amend the complaint to allege diversity of citizenship. Plaintiff's counsel argued that he had not alleged diversity of citizenship in the complaint because with the United States as a party, diversity was not necessary. Defendants naturally oppose Plaintiff's motion to amend the complaint.

## A. Jurisdiction

Plaintiff has had several opportunities to carry her burden of establishing federal jurisdiction. The first opportunity occurred when the Court dismissed the United States as a Defendant. At the time of dismissal, Plaintiff stated that the Court did not have jurisdiction over the Defendants. (R. at 46.) Consequently, Plaintiff asked the Court to remand the case to state court and, as discussed above, the Court later denied that motion. Plaintiff then moved the Court for a hearing to reconsider the dismissal because of the alleged existence of diversity jurisdiction. The Court granted Plaintiff a hearing which it held on August 24, 1995.

Prior to the hearing, the Court examined the record to ascertain if the bases for diversity existed. In the Order on Final Pre-Trial Conference, the parties stipulated that at the time of the accident Defendants resided at the Norfolk Naval Base, Navy Housing, Norfolk, VA and that Plaintiff was a resident of Norfolk, VA. At the time of the Order, Defendant Huntzinger was residing in Whitehall, OH. The parties, however, did not stipulate to the domicile or citizenship of the parties. In the Memorandum in Support of Plaintiff's Motion to Rehear, Plaintiff makes the bare allegation that the Court had jurisdiction "by virtue of the diversity of citizenship of the parties and the amount in the controversy exceed[ing] $50,000.00." (Pl. Mem. Rehear. at 2.) Plaintiff's motion nor memorandum alleges the citizenship of the Plaintiff or the Defendants nor does Plaintiff allege how, at the time of the accident, citizenship was diverse or different. Also, the original complaint does not allege that the Court had jurisdiction based upon diversity.

At the hearing, Plaintiff had yet another opportunity to establish jurisdiction. Plaintiff was unable to provide the Court any new information regarding the citizenship of the Defendants. Plaintiff appeared to wish that the Court would infer from the present residence of Defendant Huntzinger in Ohio that he was in fact a citizen of Ohio at the time of the accident. Plaintiff, however, alleged nor proved any facts which would allow the Court to properly come to such a conclusion. Regarding Defendant Handy, Plaintiff argued that because Handy had been in default until the time of the hearing and had not responded to requests for a deposition, Plaintiff was unable to discover Handy's citizenship.

Approximately two months passed between the original dismissal and the hearing. In the interim, Plaintiff contends that he was unable to discover the facts of Defendants' domicile at the time of the accident. Plaintiff did not advise the Court of any steps taken in the interim to determine the domicile of the Defendants nor was Plaintiff able to explain his intended course of action following the hearing to discover such information. Plaintiff, despite numerous opportunities, has failed to carry its burden of establishing jurisdiction pursuant to 28 U.S.C. § 1332. At the hearing Plaintiff then asked the Court for leave to amend its complaint to allege diversity of citizenship. The Court consequently must examine whether, within its discretion, it would be proper to grant such a request.

## B. Amending the Complaint

■ Plaintiff's request to amend the complaint to allege diversity comes two months after the dismissal of the case for want of jurisdiction and at the close of a hearing upon Plaintiff's request. The request to amend comes at a peculiar time procedurally because the Court dismissed the complaint on the eve of trial. Despite the spirit of Rule 15(a) that leave to amend be given freely, the Plaintiff has not demonstrated to the Court through its pleadings, the record, or the hearing that an amendment would not be futile. *See Ward Elecs. Serv., Inc.*, 819 F.2d

at 497 (finding leave to amend appropriate unless amendment would be futile). The passage of two months between the dismissal and the hearing along with Plaintiff's paultry showing at the hearing indicate that denial of the motion for leave to amend the complaint would be appropriate. *See Harman v. First Amer. Bank of Maryland (In re Jeffrey Bigelow Design Group, Inc.)*, 956 F.2d 479, 483 (4th Cir.1992) (upholding district court's denial of plaintiff's motion to amend for several reasons including a six week intermission in the hearing allowing the plaintiff ample time to amend).

Also, Plaintiff's change of position regarding this Court's jurisdiction warrants discussion of a Fourth Circuit Court of Appeals' decision of several decades ago. In *Coral v. Gonse,* plaintiff and defendant, born in the Philippines, were shipmates in the United States Navy and naturalized as American citizens. 330 F.2d 997 (4th Cir.1964). Defendant obtained his citizenship in Norfolk, VA, and plaintiff received his in Hawaii. Each party was a resident of Norfolk. *Id.* at 997. In his complaint plaintiff alleged that he was a citizen of Virginia and that defendant was a citizen of some state other than Virginia. *Id.* at 998. At a preliminary hearing on the jurisdictional issue, defendant adduced strong evidence that he was a citizen of Virginia. At that point, plaintiff argued that he was a citizen of the Philippines and sought leave to amend his complaint to reflect that he was a citizen of the Philippines and that the defendant was a citizen of Virginia. *Id.* The district court dismissed the complaint for want of diversity. In affirming the dismissal, the Fourth Circuit emphasized that plaintiff's averment was in the nature of a judicial admission and that "he ought not lightly be allowed to reverse his field and take an inconsistent position." *Id.* The court also took note that "plaintiff could commence a new action in the District Court, embarrassed by his earlier inconsistent allegation only because of its impeaching effect. We affirm on that basis." *Id.*

In this instance, based upon representations by counsel for Defendant Handy, the Court understands that Handy had a Virginia driver's license until approximately one year ago, his automobile remains registered in Virginia, he has not registered to vote in any state, and he has not paid state income taxes anywhere in the recent past. Regarding Defendant Huntzinger, the parties stipulated in the Order on Final Pretrial Conference that Huntzinger was stationed in Norfolk, VA at the time of the accident and that he currently resides in Ohio. According to the police accident report, both Huntzinger and Handy held Virginia driver's licenses at the time of the accident. (Def.Ex. 1 at 1, 2.) In its answer to the complaint, State Farm Insurance Co., which represented both Defendants earlier, denied diversity with respect to both Defendants. (Ans. at ¶ 6.) Neither party adduced any evidence at the hearing to establish Defendant Huntzinger's domicile.

Most importantly, Plaintiff's counsel previously represented to the Court that after the dismissal of the United States as a party, the Court no longer had jurisdiction over the action. (R. at 46.) Here, Plaintiff was not faced with strong evidence from the Defendants regarding citizenship as was the case in *Coral.* Instead Plaintiff was faced with the unfortunate situation of finding herself holding a claim without a judicial forum. Yet even assuming that initially counsel benignly misstated his position on jurisdiction, at the hearing which Plaintiff requested and received, Plaintiff provided the Court with no reason to disregard counsel's previous assertion of lack of federal diversity jurisdiction or to change the Court's own determination of the jurisdictional question. This case parallels *Coral* in all important aspects and thus guides the Court's conclusion that Plaintiff has presented no justification for leave to amend the complaint.* Amendment would be futile.

### IV. CONCLUSION

Given Plaintiff's failure to provide evidence of diversity at the hearing, the Court finds

---

* The Court does not comment upon whether the statute of limitations bars Plaintiff from reinitiating this action at a later date if Plaintiff discovers facts supporting an allegation of federal jurisdiction.

that Plaintiff does not have knowledge of any facts which confer jurisdiction nor does Plaintiff have a plan to obtain such facts. Rather Plaintiff requests the Court to grant leave to amend the complaint and thus place the burden upon the Defendants to deny the allegations. However, the burden of establishing jurisdiction remains firmly upon the party wishing to invoke jurisdiction; mere amendment of the complaint to include naked allegations will not carry the burden. Although having approximately four years since the time of the accident to discover the citizenship of the Defendants, Plaintiff gives the Court no reason to believe that the amended complaint would be anything more than a futile attempt to shift a burden to the Defendants which squarely lies upon the Plaintiff. Accordingly, the Court **DENIES** Plaintiff's motion for leave to amend the complaint.

The Clerk is **DIRECTED** to send a copy of this order to counsel for the parties.

It is so **ORDERED.**