James E. TOLAN, Individually and as Executor of the Estate of Kenneth G. Tolan, deceased and on behalf of all heirs, survivors and beneficiaries of the Estate of Kenneth G. Tolan,

v.

UNITED STATES of America
and Beth A. Fiorani.

No. Civ. A. 97–CV–0213.

United States District Court,
E.D. Pennsylvania.

Jan. 8, 1998.

Glenn A. Zeitz, Philip J. Degnan, Glenn A. Zeitz, P.C., Philadelphia, PA, John A.

Greaves, Baum, Hedlund, Aristei, Guilford & Downey, Los Angeles, CA, for Plaintiffs.

David N. Zeehandelaar, David A. Straite, Blank, Rome, Comisky & Macauley, Philadelphia, PA, Barry F. Benson, U.S. Dept. of Justice, Civ. Div., Washington, DC, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil action has been brought before the court on motion of defendant, Beth A. Fiorani to dismiss the plaintiff's First Amended Complaint and plaintiff's cross-motion for leave to file a third amended complaint.[1] For the reasons which follow, both motions shall be granted, and the first amended complaint dismissed with leave to plaintiff to file a third amended complaint.

### Factual Background

Plaintiff's claims arise out of the crash of a Cessna 140 airplane on July 18, 1995 on Blue Mountain near Danielsville, Pennsylvania. According to the allegations set forth in the plaintiff's various complaints, on that date at approximately 3:30 a.m., plaintiff's decedent, Kenneth Tolan was a passenger in that aircraft, which was owned and operated by defendant, Beth Fiorani en route to the Slatington Airport from Reading, Pennsylvania. Defendant Fiorani requested flight following services and assistance with regard to the Cessna's direction of flight, altitude and progress from Allentown Approach Control, an FAA air traffic control ("ATC") facility and was asked by ATC if she was familiar with a ridge located on high terrain near the Slatington Airport and in the path of the aircraft. Fiorani informed ATC that while she was familiar with the ridge, she could not see the top of it. Despite her familiarity with the ridge, plaintiff contends that Fiorani failed to increase her altitude to a level that would ensure clearance and ATC failed to provide her with the requested radar advisories regarding the Cessna's position, altitude and flight path relative to the ridge. At approximately 3:50 a.m., the plane collided with the ridge, Kenneth Tolan was killed and Beth Fiorani seriously injured.

After plaintiff's administrative claims with the United States Department of Commerce and the Federal Aviation Administration were denied, plaintiff instituted this suit against the United States and Beth Fiorani under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. and the Pennsylvania Wrongful Death and Survival Acts, 42 Pa. C.S.A. §§ 8301, 8302. In the first amended complaint, jurisdiction over all claims was predicated exclusively upon the Federal Tort Claims Act, and upon 28 U.S.C. § 1346(b), which directs that the district courts have exclusive jurisdiction of claims against the United States for, *inter alia*, personal injury and death caused by the negligence or wrongful actions of government employees while acting in the course and scope of their employment. The government filed an answer to the first amended complaint but, as there were no jurisdictional allegations with regard to defendant Fiorani, she moved to dismiss the claims against her. In response, plaintiff moved for leave to amend his pleadings to assert both diversity and supplemental jurisdiction over Fiorani.

### Standards Governing Motions to Dismiss

Federal Rule of Civil Procedure 12(b) permits the defenses of lack of jurisdiction over the subject matter and the failure to state a claim upon which relief may be granted to be made by motion. Fed.R.Civ.P. 12(b)(1), (6). When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot. *In Re Corestates Trust Fee Litigation*, 837 F.Supp. 104, 105 (E.D.Pa.1993), aff'd 39 F.3d 61 (3rd Cir. 1994). *See Also: Freiburger v. Emery Air Charter, Inc.*, 795 F.Supp. 253 (N.D.Ill.1992).

A district court can grant a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of

---

1. Although plaintiff had filed a motion to file a second amended complaint on June 17, 1997, he withdrew that motion and substituted his motion to file a third amended complaint on July 14, 1997.

the claim. But dismissal is proper only when the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous . . . When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408–09 (3rd Cir.1991). *See Also: Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73 (1974).

 Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), when a party attacks the factual allegations of jurisdiction, the courts are not limited in their review to the allegations of the complaint. Any evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction as it is for the Court to resolve all factual disputes involving the existence of jurisdiction. *Sitkoff v. BMW of North America, Inc.*, 846 F.Supp. 380, 383 (E.D.Pa.1994) citing *Moore's Federal Practice* (Second Ed.) at ¶ 12.07[2.–1]. In contrast, if the attack to jurisdiction is facial, that is, the allegations of jurisdiction stated in the complaint, the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present. *Id.* If jurisdiction is based on a federal question, the pleader claiming federal jurisdiction simply must show that the federal claim is not frivolous. *Radeschi v. Commonwealth of Pennsylvania*, 846 F.Supp. 416, 419 (W.D.Pa.1993), citing *Bartholomew v. Librandi*, 737 F.Supp. 22 (E.D.Pa.), *aff'd* 919 F.2d 133 (3rd Cir.1990). Only if it appears to a certainty that the pleader will not be able to assert a colorable claim of subject matter jurisdiction may the complaint be dismissed. *Kronmuller v. West End Fire Co. No. 3*, 123 F.R.D. 170, 172 (E.D.Pa.1988). *See Also: Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3rd Cir.1977).

In considering a motion to dismiss a pleading under Rule 12(b)(6), all of the allegations contained in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *H.J., Inc. v.* *Northwestern Bell Telephone Co.*, 492 U.S. 229, 249–251, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3rd Cir.1989). The district courts may grant a motion to dismiss for failure to state a claim upon which relief may be granted only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Frazier v. Southeastern Pennsylvania Transportation Authority*, 785 F.2d 65, 66 (3rd Cir. 1986).

As there are no jurisdictional allegations in the first amended complaint upon which this court could find that it has jurisdiction over Beth Fiorani, it is clear that the first amended complaint should be dismissed under Rule 12(b)(1). From his answer to moving defendant's motion to dismiss, plaintiff appears to agree with this conclusion but argues that he should be permitted to amend his complaint to aver both diversity and supplemental jurisdiction. In response, defendant Fiorani contends that plaintiff's request to amend should be denied because as a Pennsylvania resident, there is no diversity jurisdiction over her and, in any event, amendment would be futile because plaintiff's claims have merged with and been extinguished by an oral settlement which the parties reached pre-suit. We next consider these competing arguments.

### Amendment of the Complaint

 Fed.R.Civ.P. 15(a) outlines the process and principles behind amendments of pleadings. That rule provides, in relevant part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave

shall be freely given when justice so requires....

The rule has long been construed as supportive of liberal amendments of pleadings so as to foster the resolution of cases on their merits, rather than on the basis of mere technicalities. *See: Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The decision to grant or deny a motion to amend is within the sound discretion of the trial court, which should be mindful that leave shall be freely given should justice so require. *Dole v. Arco Chemical Co.,* 921 F.2d 484, 486–487 (3rd Cir.1990); *U.S. v. Keystone Sanitation Co., Inc.,* 903 F.Supp. 803, 814 (M.D.Pa.1995). A key consideration is whether the non-movant will be prejudiced by the amendment. *U.S. v. Keystone,* at 814, citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 425 (3rd Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). Denial of leave to amend may be required where there has been undue delay or other improper or bad faith conduct by the party seeking to amend, or where it is apparent that the amendment would be futile, as in, for example, the inability of the amendment to withstand a motion to dismiss. *Id.,* citing *Coventry v. United States Steel Corp.,* 856 F.2d 514, 519 (3rd Cir.1988) and *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3rd Cir.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983). *See Also: Riley v. Taylor,* 62 F.3d 86, 90 (3rd Cir.1995).

In this case, moving defendant contends that amendment of plaintiff's complaint would be futile and should not be permitted because neither diversity nor supplemental jurisdiction exists and plaintiff's claims against her are barred by the parties' settlement agreement. We cannot agree.

▆▆▆▆ Addressing this last argument first, while a wide range of material may be introduced in conjunction with a Rule 12(b) motion, it is subject to the court's discretion to reject the evidence if it feels that it is not substantial or comprehensive enough to facilitate the disposition of the action. 5A C. Wright and A. Miller, *Federal Practice and Procedure: Civil 2d* § 1364 at 475 (1990 & 1997 Supp.). *See Also: Ferber v. Travelers Corp.,* 802 F.Supp. 698, 701–02 (D.Conn. 1992). Here, Ms. Fiorani has attached copies of correspondence between her counsel and plaintiff's counsel evincing an apparent agreement in principle to settle this case prior to suit being filed but which was evidently stonewalled over the language to be contained in the release. We cannot determine whether a binding settlement was reached based only upon this limited evidence. Moving defendant is free to further develop a record in this regard and raise her defense that plaintiff's claims are barred by settlement agreement at another time by way of separate motion.

We likewise cannot determine from the limited evidence before us that defendant Fiorani is a domiciliary of Pennsylvania so as to defeat plaintiff's claim that this court would have diversity jurisdiction.[2]

Diversity jurisdiction is recognized under 28 U.S.C. § 1332 which decrees that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states...." For jurisdiction to exist under § 1332, there must be "complete" diversity, i.e., all plaintiffs must be of different citizenship than all defendants. *Enza, Inc. v. We The People, Inc.,* 838 F.Supp. 975, 977 (E.D.Pa.1993); *Stanley v. Exxon Corp.,* 824 F.Supp. 52, 53 (E.D.Pa.1993), citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Under § 1332(c)(2), the legal representative of the estate of a decedent is deemed to be a citizen only of the same state as the decedent. *Milam v. State Farm Mutual Auto., Ins., Co.,* 972 F.2d 166, 168 (7th Cir.1992);

---

**2.** It is axiomatic that a plaintiff seeking relief in the federal court bears the burden of alleging and proving the facts conferring jurisdiction. *Gambelli v. U.S.,* 904 F.Supp. 494, 496 (E.D.Va. 1995); *Enza, Inc. v. We The People, Inc.,* 838 F.Supp. 975, 977 (E.D.Pa.1993). If the defendant challenges the plaintiff's allegations of jurisdictional facts, "the plaintiff bears the burden of supporting the allegations by competent proof." *Gambelli,* at 496, quoting *Thomson v. Gaskill, et al.,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942).

*Adler v. Adler,* 862 F.Supp. 70, 72 (S.D.N.Y. 1994).

■ Although the statute does not otherwise define citizenship, courts have held that it is the individual's domicile which is the state the individual considers her permanent home. *Gambelli, supra.* Thus a person's domicile persists until a new one is acquired or it is clearly abandoned and there is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict. *Coury v. Prot,* 85 F.3d 244, 250 (5th Cir.1996).

■ In this case plaintiff, as executor of his late brother's estate is deemed to be a citizen of Pennsylvania and alleges in his proposed third amended complaint that Ms. Fiorani is a citizen of the State of Michigan. Ms. Fiorani has produced an affidavit attesting that she considers her Michigan address to be only temporary, that her permanent address (i.e., her domicile) is that of her parents' in Moscow, PA where she maintains her voter registration and that it is her intention to return to and remain in Pennsylvania in the near future. She has also produced photocopies of her Pilot's license and FAA Medical Certificate showing her parents' Pennsylvania address. However, the plaintiff has also produced evidence that defendant has a Delaware Driver's license listing an address in Newark, New Jersey and that she is listed in the FAA Airman Directory as residing in Grosse Ile, Michigan. We therefore cannot make a finding based upon this limited, conflicting evidence that it would be futile to permit plaintiff to amend his complaint to assert that diversity jurisdiction exists. Again, defendant is free to further develop a record on this issue and re-raise her argument through a subsequent motion.

■ In any event, we further find there is sufficient supplemental jurisdiction to permit plaintiff's claims against Ms. Fiorani to proceed. Congress codified the judicially created doctrines of pendent and ancillary jurisdiction under the name "Supplemental Jurisdiction" at 28 U.S.C. § 1367. *MCI Telecommunications Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1102 (3rd Cir.1995). That statute provides, in relevant part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Accordingly, three requirements must be satisfied before a federal court can exercise supplemental jurisdiction. First, the federal claim must have substance sufficient to confer subject matter jurisdiction on the court. Second, the state and federal claims must derive from a common nucleus of operative fact; and third, the claims must be such that they would ordinarily be expected to be tried in one judicial proceeding. *MCI,* at 1102, citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

■ Although the test for a "common nucleus of operative facts" is not self-evident and is highly fact specific, when the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious and federal courts will then routinely exercise supplemental jurisdiction over the state law claims. *Lyon v. Whisman,* 45 F.3d 758, 760, 761 (3rd Cir.1995).

Applying these principles to this action and mindful of the standards governing both motions to dismiss and to amend pleadings, we find that the test for supplemental jurisdiction is amply satisfied. Plaintiff clearly possesses a substantial federal claim against the government for his brother's death pursuant to the Federal Tort Claims Act ("FTCA") so as to confer original subject matter jurisdiction on this court. *See:* 28 U.S.C. §§ 1346(b), 2671, *et seq.* The plaintiff's claims against both the government and Fiorani arose out of the plane crash on July

18, 1995 which killed plaintiff's brother and seek damages pursuant to the FTCA and the Pennsylvania Wrongful Death and Survival Acts for his fatal injuries and death on behalf of both his estate and his family. As such, these claims clearly arise out of a common nucleus of operative facts and would ordinarily be expected to be tried together, particularly in view of the likelihood that the defendants would file cross-claims against one another for contribution and/or indemnity. *See, e.g.,* Fed.R.Civ.P. 13(g), 14, 18.

For all of the foregoing reasons, we do not find that plaintiff's proposed amendment would be futile. Consequently, while the defendant's motion to dismiss the first amended complaint is granted, plaintiff shall also be given leave to amend his pleading. An appropriate order follows.

### ORDER

AND NOW, this 8th day of January, 1998, upon consideration of the Motion of Defendant Beth A. Fiorani to Dismiss Plaintiff's First Amended Complaint and Plaintiff's Motion for Leave to File Third Amended Complaint and for the reasons set forth in the preceding Memorandum, it is hereby ORDERED that the Motions are GRANTED, the Plaintiff's First Amended Complaint is DISMISSED without prejudice and leave is granted to Plaintiff to file his proposed Third Amended Complaint within ten (10) days of the date of this Order.