Gary E. SCHULZENDORF, Plaintiff,

v.

PITTSBURGH & LAKE ERIE
RAILROAD COMPANY, a
corporation, Defendant.

Civ. A. No. 85–913.

United States District Court,
W.D. Pennsylvania.

Jan. 31, 1986.

---

Paul L. Hammer, Pittsburgh, Pa., for plaintiff.

Richard A. Porach, Aloysius F. Mahler, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

(1) Plaintiff seeks actual and punitive damages, plus costs and attorney's fees for an alleged fraud committed by defendant in the settlement of his case filed at Civil Action No. 81–1127. Jurisdiction in that civil action was based on the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

(2) According to plaintiff, a representative of defendant fraudulently induced plaintiff to reduce his settlement demand by misrepresenting that the recovery was subject to a lien of $4,059.64 by Provident Insurance Company. In reliance upon the alleged misrepresentation, according to the instant complaint, plaintiff reduced his settlement demand by an amount equal to one-half of the purported lien and permitted defendant to withhold the other half from the settlement proceeds.

(3) Defendant moved to dismiss the instant action for lack of subject matter jurisdiction. We denied the motion on May 14, 1985, reasoning that ancillary jurisdiction existed to enforce the settlement agreement on the F.E.L.A. claim.

(4) Defendant again has raised the issue of subject matter jurisdiction in a motion for summary judgment. After reviewing the instant complaint, the cause of action stated therein and the relief sought, we hold that this court is without subject matter jurisdiction.

(5) A federal court has inherent power to enforce and to consider challenges to settlements in cases originally filed therein. *Fox v. Consolidated Rail Corp.*, 739 F.2d 929, 932 (3d Cir.1984), *cert. denied*, 469 U.S. 1190, 105 S.Ct. 962, 83 L.Ed.2d 968 (1985). A district court can exert jurisdiction to enforce a binding settlement agreement or hear arguments that the agreement should be rescinded. In such situations, ancillary jurisdiction is exerted because the court has an interest in supervising and controlling the resolution of claims properly before it. *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.1976).

(6) The instant dispute falls without the ancillary jurisdiction described by *Fox* and similar cases. First, plaintiff is not requesting an order to enforce or rescind the settlement agreement. The complaint

demands actual and punitive damages for the alleged fraud committed during the settlement process. Plaintiff does not seek to set aside the agreement or reopen the prior case. Secondly, the court has not been asked to modify the agreement to reflect the alleged loss to plaintiff caused by fraud. The complaint manifests a willingness by plaintiff to keep the settlement proceeds of $169,620.18, while maintaining a new action for damages for fraud. Finally, the instant complaint states a tort cause of action for fraud, not a cause of action for breach of contract. The jurisdictional power described in *Fox, supra, Rosso v. Foodsales, Inc.,* 500 F.Supp. 274 (E.D.Pa. 1980), and like decisions in this jurisdiction does not extend to extra-contractual disputes. While the court retains power to upset the settlement agreement on the basis of fraud, the court does not retain jurisdiction under *Fox* to entertain a new state cause of action for fraud. *College Watercolor Group, Inc. v. William H. Newbauer, Inc.,* 468 Pa. 103, 360 A.2d 200 (1976).

(7) Further, we note that plaintiff has not petitioned to reopen the original case, but rather has filed a district civil action. The new complaint does not contain a statement of jurisdictional grounds. The parties are not diverse. Plaintiff has cited no federal law involved in the instant claim. The complaint states a cause of action for fraud; not an action arising under federal law.

(8) We shall dismiss the instant complaint under Fed.R.Civ.P. 12(h)(3). We note that our action does not deprive plaintiff of a state forum. Under 42 Pa.C.S.A. § 5103(b), a plaintiff who erroneously files an action in federal court, which the federal court dismisses for lack of jurisdiction, may be transferred by the plaintiff to the proper state court. *See McLaughlin v. Arco Polymers, Inc.,* 721 F.2d 426 (3d Cir.1983).

(9) The instant complaint was filed on April 16, 1985, and the complaint should be treated as having been filed on that date in state court.

A written order will follow.