**James R. BARTHOLOMEW and Judith Bartholomew**

v.

**Michael LIBRANDI and John F. White, Secretary of Public Welfare.**

Civ. A. No. 89–8749.

United States District Court,
E.D. Pennsylvania.

May 7, 1990.

Richard Orloski, Allentown, Pa., for plaintiffs.

Laura Fredricks, Deputy Atty. Gen., Com. of Pa., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs James R. Bartholomew and Judith Bartholomew filed a suit against defendants claiming breach of an alleged oral settlement agreement. Plaintiffs maintain that this court has jurisdiction because their action involves a federal question, in that the alleged oral settlement agreement was made in a prior unrelated federal court action. Defendants have filed a motion to dismiss plaintiffs' action for lack of subject-matter jurisdiction pursuant to Fed.R. Civ.P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

For the reasons set forth below, I shall grant defendants' motion pursuant to Fed. R.Civ.P. 12(b)(1).

### I. STANDARD OF REVIEW

When a motion to dismiss is based on a lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject-matter jurisdiction, the accompanying defenses become moot and do not need to be determined.

The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *See Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942). "If [jurisdiction] is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, at 556 (1969).

### II. FACTS

Plaintiff James Bartholomew was the plaintiff in another law suit seeking damages for alleged violations of his constitutional rights [hereinafter "the Underlying Action"]. *See* Complaint at ¶ 7. The Underlying Action was captioned *James Bartholomew v. Frank Fischl and City of Allentown,* Civil Action No. 81–3687, and was filed in federal court in the Eastern

District of Pennsylvania. *See* Complaint at ¶ 8.

While the Underlying Action was pending, plaintiffs received welfare benefits from the Commonwealth of Pennsylvania Department of Public Welfare ("DPW"). *See* Complaint at ¶ 9. Plaintiffs do not know the exact amount of benefits which they received from the Department of Public Welfare. *See* Complaint at ¶ 10.

Prior to settlement of the Underlying Action, the DPW held liens in an amount believed to be approximately $25,000 on plaintiff's real estate located at 204 Washington Street in Bath, Pennsylvania. *See* Complaint at ¶ 11. The DPW had a subrogation interest in plaintiff's recovery in the Underlying Action. *See* Pa.Stat.Ann. tit. 62, §§ 1974, 1975 (Purdon 1968 & Supp. 1989). Plaintiff was fully aware that any amount of money which he received in the Underlying Action would be credited to the DPW's outstanding $25,000 claim against plaintiff's property. *See* Complaint at ¶ 12.

On March 8, 1988, prior to the commencement of jury selection and in an attempt to settle the Underlying Action, plaintiff's attorney telephoned defendant Michael Librandi, a Claims Investigator with the DPW, from the chambers of the Honorable E. Mac Troutman of the United States District Court for the Eastern District of Pennsylvania. *See* Complaint at ¶ 14. During that telephone conversation, plaintiff's attorney offered to pay the DPW $5,000 in exchange for settlement of "all claims" related to the DPW's subrogation interest in the Underlying Action. *See* Complaint at ¶ 15. At that time, Librandi informed plaintiff's counsel that he needed time to review the case and plaintiff's $5,000 offer. *See* Complaint at ¶ 17.

On March 9, 1988, at the direction of the Honorable E. Mac Troutman, plaintiff's attorney again telephoned Librandi. *See* Complaint at ¶ 19. At that time, Librandi authorized plaintiff's attorney to compromise the DPW's subrogation claim for $5,000. *See* Complaint at ¶ 20.

Based upon Librandi's authorization and representations, plaintiff's attorney settled the Underlying Action, which settlement included a compromise of the DPW's subrogation claim for $5,000. *See* Complaint at ¶ 21.

On March 10, 1988, plaintiff's attorney wrote Librandi a letter memorializing the settlement agreement of the Underlying Action. *See* Complaint at ¶ 23. In that letter, plaintiff's attorney promised to pay DPW "$5,000.00 in compromise of [the DPW's] subrogation claim." *See* Complaint Exhibit B. Neither Librandi, nor anyone else from the DPW, ever responded to plaintiff's letter dated March 10, 1988. *See* Complaint at ¶ 24.

On June 29, 1988, plaintiff's attorney mailed Librandi a check for $5,000 "in full and final satisfaction of all liens held by the DPW against James Bartholomew." *See* Complaint at ¶ 26 and Exhibit C.

On behalf of the DPW, Librandi accepted and deposited the $5,000 into the DPW's account. *See* Complaint at ¶ 27.

In the present action, plaintiffs contend that defendants have breached the settlement agreement by refusing to satisfy plaintiffs' property liens. Plaintiffs further contend that "[d]efendants' refusal to honor the settlement agreement with plaintiffs ... violates federal law in that they entered the agreement as part of negotiations in said Underlying Action before the Honorable E. Mac Troutman." *See* Complaint at ¶ 32.

### III. DISCUSSION

In their motion to dismiss, defendants contended that this court should dismiss plaintiffs' complaint because it failed to state a cause of action under 42 U.S.C. § 1983.[1]

---

1. It is perfectly understandable why defendants assumed that plaintiffs were alleging a cause of action under 42 U.S.C. § 1983 because in the complaint plaintiffs maintain that this court has "jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 in that this involves a federal questions [sic] and the Fourteenth Amendments' [sic] to the United States Constitution." *See* Complaint at ¶ 6.

In response to defendants' motion to dismiss, plaintiffs concede that their complaint does *not* raise a cause of action under 42 U.S.C. § 1983. *See* Plaintiffs' Brief In Opposition to Defendants' Motion to Dismiss, at 8. Instead, plaintiffs contend that "this action involves a federal question ... in that defendants violated a settlement agreement entered into in this Honorable Court." *See id.* In support of this contention, plaintiffs maintain that a federal court has the power to enforce its settlement agreements, as well as consider challenges to settlements, entered into in cases originally filed therein.

In *Fox v. Consilidated Rail Corp.*, 739 F.2d 929 (3d Cir.1984), *cert. denied*, 469 U.S. 1190, 105 S.Ct. 962, 83 L.Ed.2d 968 (1985), the Third Circuit Court of Appeals recognized that a federal court has ancillary jurisdiction to enforce settlement agreements. The court in *Fox* stated:

> It is well settled that a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein. Typically, the court does this without inquiring into, or requiring, an independent basis of subject matter jurisdiction for the enforcement/challenge suit.

*Id.* at 932 (citations omitted). *See also Beehler v. Jeffes*, 664 F.Supp. 931, 934 (M.D.Pa.1986); *Schulzendorf v. Pittsburgh & Lake Erie R.R.*, 640 F.Supp. 40, 42 (W.D.Pa.1986); *White v. United States, Dept. of Interior*, 639 F.Supp. 82, 85 (M.D.Pa.1986).

However, the present action falls outside the ancillary jurisdiction described in *Fox* and similar cases. *See, e.g., Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976); *Pearson v. Ecological Science Corp.*, 522 F.2d 171 (5th Cir.1975), *cert. denied*, 425 U.S. 912, 96 S.Ct. 1508, 47 L.Ed.2d 762 (1976).

First, plaintiffs have not petitioned the court to reopen the Underlying Action,[2] but instead have filed a new federal civil action. *See Schulzendorf v. Pittsburgh & Lake Erie R.R.*, 640 F.Supp. 40, 42 (W.D.Pa. 1986) (holding that, because plaintiff filed a new federal civil action, rather than petitioning to open the original action, the action falls without the ancillary jurisdiction described in *Fox* ). The new complaint contains a statement of jurisdictional grounds, but the alleged jurisdictional ground is related and ancillary to the Underlying Action—*not* to the present action. The present action has no independent jurisdiction grounds—the parties are not diverse and the case does not involve a question of federal law. The complaint merely states a cause of action for breach of an oral settlement agreement. *See Fairfax County-wide Citizens Ass'n v. Fairfax County, VA*, 571 F.2d 1299, 1303, 1303 n. 10 (4th Cir.), *cert. denied*, 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978) (stating that, if instead of filing a motion under Rule 60(b)(6), plaintiff had filed a new complaint in the district court alleging breach of contract and seeking specific performance, there is little doubt that the action would have been dismissed on jurisdictional grounds because the parties were not diverse and the action did not involve a federal question).

Second, the alleged settlement agreement that plaintiffs wish to enforce is a settlement agreement between plaintiffs and a non-party with a subrogation interest. The settlement agreement between plaintiff and defendants in the Underlying Action has not been breached. Consequently, there is a question as to whether plaintiffs would have grounds to petition the court to reopen the Underlying Action since the settlement agreement between the parties in that action has *not* been breached. The answer to that question may turn on whether the two settlement agreements—the settlement agreement between plaintiff and defendants, and the settlement agreement between plaintiff and a non-party with a subrogation interest—were somehow dependent upon one another or whether they were separate and

---

**2.** Pursuant to Fed.R.Civ.P. 60(b)(6), a district court has the authority to vacate its prior dismissal order and restore a case to its docket.

distinct agreements. There is nothing in the record before this court which shows that plaintiff was prohibited from settling with defendants without the approval of the DPW.

However, this court need *not* resolve that issue in order to decide defendants' pending motion to dismiss. Plaintiffs have cited no cases and this court can find no cases in which the ancillary jurisdiction described in *Fox* extends to a separate and distinct federal civil action. Federal courts are courts of limited jurisdiction. To extend a federal court's ancillary jurisdiction to enforce settlement agreements to federal civil actions, other than the original actions to which the settlement agreements applied, would in essence be creating a new basis of federal subject-matter jurisdiction and, thus, contrary to the concept of limited jurisdiction.

## IV. CONCLUSION

Accordingly, I shall dismiss the present action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). I note that this dismissal does not deprive plaintiffs of a state forum. Under 42 Pa.Cons.Stat. Ann. § 5103(b) (Purdon Supp.1989), a plaintiff who erroneously files an action in federal court, which is dismissed for lack of jurisdiction, may be transferred by plaintiff to the proper state court. *See McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 430–31 (3d Cir.1983).