**Steven D. SITKOFF and Bernice E. Sitkoff, individually and as parents and natural guardians of a minor, Jessica Sitkoff, and as administrators of the Estate of Gwyn Allison Sitkoff, deceased, Plaintiffs,**

**v.**

**BMW OF NORTH AMERICA, INC., and Bayerische Motoren Werke Aktiengesellschaft, improperly named as Bavarian Motor Works, A.G., Defendants/Third Party Plaintiffs,**

**v.**

**The ESTATE OF Roslyn SCHREIBER, The Estate of Myron Schreiber, the Commonwealth of Pennsylvania Department of Transportation, and John Does Nos. 1–3, Third Party Defendants.**

Civ. A. No. 93–3804.

United States District Court,
E.D. Pennsylvania.

March 14, 1994.

Arthur Alan Wolk, Catherine B. Slavin, Wolk, Genter & Harrington, Philadelphia, PA, for plaintiffs.

William F. Kiniry, Jr., Piper & Marbury, Philadelphia, PA, for defendants/third party plaintiffs.

Thomas H. Dinkelacker, Snyder Dimmich & Guldin, P.C., Allentown, PA, for the Estates of Roslyn Schreiber and Myron Schreiber.

Randall J. Henzes, Office of Atty. Gen., Philadelphia, PA, for the Com. of Pa., Dept. of Transp.

## MEMORANDUM

TROUTMAN, Senior District Judge.

Before the court is the motion of the Commonwealth of Pennsylvania Department of Transportation to dismiss the third party complaint of BMW of North America, Inc., for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), as well as its Motion to Dismiss Cross-claim of Third-party Defendants Estate of Roslyn Schreiber and Estate of Myron Schreiber upon the same grounds. For the reasons which follow, the motion with respect to BMW will be denied

and BMW will be permitted to amend its third-party complaint. The motion to dismiss the cross-claim, however, will be granted as uncontested pursuant to Local Rule of Civil Procedure 20(c).

## I. BACKGROUND.

The plaintiffs herein filed their complaint against BMW of North America, Inc. ("BMW NA"), and Bavarian Motor Works, A.G. ("BMW AG"), asserting claims for negligence, strict products liability, and breach of warranty. The claims stem from an accident on State Route 78 in which minors Jessica Sitkoff was injured and Gwyn Allison Sitkoff was killed. The minors were passengers in a BMW 325i convertible when the driver of the car lost control after the left wheels entered a depressed shoulder area on a construction site. The car struck a guardrail, then a tree, and then rolled down an embankment. The plaintiffs allege that, *inter alia*, the BMW defendants are liable for their failure to include some sort of roll-bar device.

The BMW defendants filed separate third party complaints. The third party complaints are largely the same, except that BMW NA, but not BMW AG, named the Commonwealth of Pennsylvania Department of Transportation ("PennDOT") as a third party defendant. In count III of said third-party complaint, BMW NA alleges that PennDOT was the owner of the property whereon the accident occurred and had jurisdiction over the roadway and thus had a duty to keep the roadway free from defects; PennDOT knew or should have known that the roadway was dangerous and defective and the damages suffered by the plaintiffs occurred as a result of the negligence, recklessness, and carelessness of PennDOT. BMW NA seeks judgment "for all sums that my be adjudged against BMW NA in favor of plaintiffs . . . ."

PennDOT moved to dismiss based upon the 11th Amendment's grant to the states of immunity from suit by individuals in federal court. BMW NA argues that the plaintiffs and not PennDOT are the real party in interest due to a joint tortfeasor release.

## II. STANDARD OF REVIEW.

■ Upon a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), the party asserting jurisdiction must be allowed a reasonable opportunity to demonstrate jurisdiction. The burden is, therefore, upon said party to show jurisdiction. Unlike a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), when a party attacks the factual allegations of jurisdiction, we are not limited in our review to the allegations of the complaint; we may review any evidence and resolve factual disputes regarding the allegations giving rise to jurisdiction.[1] It is for the court to resolve any and all factual disputes involving the existence of jurisdiction. (*See generally* Moore's Federal Practice (Second Ed.) at ¶ 12.07[2.–1].)

■ We conclude that a challenge to jurisdiction based upon the 11th Amendment is a factual challenge, since, as based upon the analysis in the next section, the question of jurisdiction rests upon the real-party-in-interest analysis.

## III. DISCUSSION.

■ There is no dispute that PennDOT is the "state" for 11th Amendment purposes. The 11th Amendment immunizes a state from a private citizen's suit in federal court. Pennsylvania has not waived this immunity. 42 Pa.Con.Stat.Ann. § 8521(b). What would appear to be a simple question of 11th Amendment immunity, however, is complicated by a joint tortfeasor release agreed to in a separate action.

■ The issue here involved is: when the state is expressly named a defendant of record, does the 11th Amendment bar suit in federal court by a private party if the judgment would not be paid by the state treasury, that is, when the state, although ex-

---

1. In contrast, if the attack to jurisdiction is facial, that is, the allegations of jurisdiction stated in the complaint, the factual allegations of the complaint are presumed to be true and we thus review the complaint to ensure that each element necessary for jurisdiction is present.

pressly named a defendant of record, is not the real party in interest.[2]

We have found no cases dealing directly with such a situation as we here face. A brief review of 11th Amendment jurisprudence shows that the cases, which began with the old but fast rule that we never have jurisdiction whenever the state is a party of record, hold that 11th Amendment immunity rests on the outcome of the "real party in interest analysis."

In *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824), the Supreme Court held:

> It may, we think, be laid down as a rule which admits of no exception, that, in all cases where jurisdiction depends on the party, it is the party named in the record. Consequently, the 11th amendment, which restrains the jurisdiction granted by the constitution over suits against States, is, of necessity, limited to those suits in which a State is a party on the record.

*Osborn*, 22 U.S. at 857. *Osborn* appeared to limit application of the 11th Amendment only in the situation when a state is named a party, precisely the situation now before us.

Despite this "rule which admits of no exception", 11th Amendment jurisprudence has become a contest of legal gymnastics in which competitors are judged through "party in interest" rules. The post-*Osborn* cases calls into question the fast rule of *Osborn*.

Possibly as a consequence of *Osborn*, the cases which address the issue of a state's 11th Amendment immunity usually involve the determination of whether an entity or individual is a "state" for 11th Amendment reasons. In *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Court considered whether a suit in federal court against the Attorney General of the State of Minnesota was in fact a suit against the state contrary to the 11th Amendment. The Court discussed prior holdings leading to the conclusion that suits against officers of the state are not always suits against the state itself in violation of the 11th Amendment; when the state itself is not the named party, the application of the 11th Amendment's bar of federal jurisdiction rests upon an analysis of who is the real party in interest.

*Cory v. White*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982), discussed language in *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), which stated that suits "by private parties seeking to impose a liability which must be paid from public funds in the state treasury". This language meant that *Edelman* was, in effect, a case against the state itself since it sought a judgment payable from state funds. *See Cory*, 457 U.S. at 90, 102 S.Ct. at 2328. *Cory* clarified that *Edelman* did not mean that the 11th Amendment bar applied only to suits seeking money damages:

> *Edelman* did not hold, however, that the Eleventh Amendment never applies unless a judgment for money payable from the state treasury is sought. [footnote omitted] It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the State itself simply because no money judgment is sought.

*Cory*, at 90, 102 S.Ct. at 2328–29. A contrary holding would thus ignore and contradict the very language of the 11th Amendment.

In *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), the Court stated: "The reasoning of our recent decisions on sovereign immunity thus leads to the conclusion that federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when—as here—the relief sought and ordered has an impact directly on the State itself." *Id.* at 117, 104 S.Ct. at 917.[3]

---

**2.** There is no question in this action of whether the use by PennDOT of federal highway effects a waiver of 11th Amendment immunity, an argument rejected in *Daye v. Commonwealth of Pennsylvania*, 483 F.2d 294 (3d Cir.1973).

**3.** The Third Circuit Court of Appeals, sitting en banc, has held that the 11th Amendment "bars suits in federal court 'by private parties seeking to impose a liability which must be paid from public funds in the state treasury.'" *Bolden v. Southeastern Pennsylvania Transportation Authority*, 953 F.2d 807, 814 (3d Cir.1991) (en banc), *quoting, Hafer v. Melo*, —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), *in turn quot-*

■ The most important question in the more typical 11th Amendment analysis, that is, when the state is not expressly named a party of record, is "whether any judgment would be paid from the state treasury." *Bolden v. Southeastern Pennsylvania Transportation Authority,* 953 F.2d 807, 816 (3d Cir. 1991) (en banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 2281, 119 L.Ed.2d 206 (1992). It is clear that if a judgment in a private action involving a question of state law against an entity or individual would be paid out of the state treasury, that entity or individual is the same as the state under the 11th Amendment and the suit is therefore barred from federal court.

As a district court, we are also bound by precedent from the Third Circuit Court of Appeals, precedent which appears to answer. the issue negatively. In *Ramada Inns, Inc. v. Rosemount Memorial Park Association,* 598 F.2d 1303 (3d Cir.1979), the Attorney General of the State of New Jersey and the New Jersey Cemetery Board were joined as parties pursuant to New Jersey statute in what was a state law contract dispute between two private parties. The Third Circuit determined that, despite the state being a named defendant, New Jersey was not the real party in interest:

> Whether a particular case involves a question of diversity jurisdiction or Eleventh Amendment prohibition, the initial inquiry is the same: is the state a real party in interest to the litigation? That a state, state agency, or its officers may have been named as parties defendant in an action is not dispositive of this question because such a determination can only be derived from the "essential nature and effect of the proceeding." [*citing, inter alia, Pennsylvania Turnpike Commission v. Welsh,* 188 F.2d 447, 450 (3d Cir.1951) ]. Conversely, even though the state, a state agency, or its officers have *not* been named as parties, the state may nonetheless be the real party in interest against which relief is sought. [citation omitted]

*Ramada Inns,* at 1306 (emphasis in original). In the *Turnpike Commission* case cited in the preceding quotation, the Third Circuit

stated: "early cases indicated that the reference to state in the [11th] amendment precluded federal jurisdiction only where the state was a party of record. [*citing Osborn.*] But later decisions have indicated that the issue is whether the state is the real party in interest against whom relief is sought. [citations omitted]" *Id.* at 450.

■ These cases from the Third Circuit have determined that the numerous Supreme Court cases since *Osborn* have moved 11th Amendment jurisprudence away from the fast rule stated in *Osborn.* Regardless of who, whether the state, a state agency, or its officers, is expressly named as a defendant, we must engage in the real-party-in-interest analysis to determine whether the state is entitled to 11th Amendment immunity.

■ BMW NA has argued in opposition to the motion that PennDOT is not the true party in interest, but rather, that because of the joint tortfeasor release, the plaintiffs are the real party in interest to any assignment of a proportional share of responsibility to PennDOT. BMW NA further argues that PennDOT is only joined for this very purpose, *i.e.,* for allocation of responsibility, but not for the payment of any damages. BMW NA's position is at odds with the third-party complaint which plainly requests sums which we may assume would be paid by the state treasury.

■ BMW NA has sought, in the alternative, however, to amend its complaint. It is good practice when appearing before this court to submit a proposed amended complaint along with a request to amend same. We have not, unfortunately, had the benefit of reviewing in advance the changes that granting such a request would allow. In addition, not only does the submission of a proposed amended complaint allow us to decide the merit of granting the request, but it also permits us to direct the Clerk to file the proposed amended complaint as the amended complaint and provides at least some means to move the action along.

■ Nonetheless, we will allow BMW NA to amend its third-party complaint since Fed.

*ing, Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974).

R.Civ.P. 15(a): (1) allows a party to amend its pleading "once as a matter of course before a responsive pleading is served" [4], (2) "leave [to amend] shall be freely given when justice so requires", and (3) because, as the foregoing indicates, at this time it appears the state is not the real party in interest and thus "justice so requires".

 BMW NA will have twenty days to file an amended third-party complaint and PennDOT shall file its response within ten days thereafter. If PennDOT is to remain in this litigation, the amended third-party complaint must, without question, seek no money damages from PennDOT which would be paid from the state treasury. In addition, since the matter was only raised in response to PennDOT's motion, we will require that the amended third-party complaint state with specificity, *inter alia*, the reasons for PennDOT's joinder, the fact of the joint tortfeasors release, plaintiff interest in the third party action vis-a-vis PennDOT, and any and all other matters BMW NA finds necessary to properly hale PennDOT into federal court to seek such a declaration of PennDOT's joint tortfeasor status. If no amended third-party complaint is filed within the established deadline, PennDOT, upon informing the court, will be dismissed as a matter of course.

 Although we are denying PennDOT's motion, the cases make clear that since the 11th Amendment affects our jurisdiction, absent any waiver, 11th Amendment immunity may be raised at any stage in the proceedings. As the litigation unfolds, PennDOT may again move for dismissal.[5]

## IV. CONCLUSION.

We conclude that BMW NA has, at this juncture, sufficiently met its burden to show jurisdiction by arguing that PennDOT is not the real party in interest such that PennDOT's motion should be denied. We thus conclude that BMW NA should be allowed to amend its third-party complaint, and thus properly place factual allegations before us, consistent with its arguments. PennDOT may challenge our subject matter jurisdiction at any time; BMW NA at all times maintains the burden of establishing proper jurisdiction. An appropriate order follows.

### ORDER

AND NOW, this 9th day of March, 1994, upon consideration of the Motion of Third-party Defendant Pennsylvania Department of Transportation [PennDOT] to Dismiss (Doc. # 6) and the responses thereto, IT IS **ORDERED** that the motion is **DENIED.**

IT IS FURTHER **ORDERED** that BMW of North America, Inc., shall have twenty (20) days after the date this Order is entered upon the record to file an amended third-party complaint, and that the Commonwealth of Pennsylvania Department of Transportation shall respond within ten (10) days of service upon it of the amended third-party complaint.

IT IS FURTHER **ORDERED** that the Motion of the Commonwealth of Pennsylvania Department of Transportation to Dismiss Cross-claim of Third-party Defendants Estate of Roslyn Schreiber and Myron Schreiber (Doc. # 11) is **GRANTED** as uncontested pursuant to Local Rule of Civil Procedure 20(c).

---

4. Under Fed.R.Civ.P. 7(a), a motion to dismiss in not listed among the "pleadings allowed". *See also* Fed.R.Civ.P. 12(b) ("Every defense, ... to a claim for relief in any pleading, ... shall be asserted in the responsive pleading ..., except that the following defenses may ... be made by motion: (1) lack of jurisdiction over the subject matter, ....)"

5. We also note that under *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. ——, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993), PennDOT could attempt an immediate appeal of our denial of their motion. We, of course, are not expressing any view or opinion on any possible matter of the appellate process.