**L.A. GOLD CLOTHING COMPANY, INC., Plaintiff,**

v.

**L.A. GEAR, INC. and Commissioner of Patents and Trademarks, Washington, D.C., Defendants.**

Civil Action No. 96–1191.

United States District Court, W.D. Pennsylvania.

Nov. 21, 1996.

Annie Pennock Kaplan, Kaplan & Gioio, Pittsburgh, PA, for plaintiff.

Robert L. Allman, II, Marcus & Shapira, Pittsburgh, PA, for defendant.

*MEMORANDUM*

STANDISH, District Judge.

### I

In this civil action, plaintiff, L.A. Gold Clothing Company, Inc., seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, against defendants, L.A. Gear, Inc. and Commissioner of Patents and Trademarks, concerning a trademark dispute currently pending before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office. Presently, before the court is the motion of defendant L.A. Gear, Inc. to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6) based on the assertion that no "actual controversy" exists between the parties as required by the Declaratory Judgment Act. In the alternative, defendant L.A. Gear, Inc. seeks a change of venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404. For reasons which follow, the court concludes that plaintiff has failed to establish the existence of subject matter jurisdiction. Therefore, the motion of L.A. Gear, Inc. to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(1) will be granted.

### II

In summary, plaintiff's complaint alleges the following facts:

Plaintiff is a corporation with a principal place of business in New York City, New York. Plaintiff regularly does business in the Western District of Pennsylvania. Defendant L.A. Gear, Inc. is a California corporation with a principal place of business in Santa Monica, California. Defendant L.A. Gear, Inc. sells goods in interstate commerce, including sales in the Western District of Pennsylvania.[1] Defendant Commissioner of Patents and Trademarks has an office within the United States Department of Commerce in Washington, D.C.

On December 21, 1993, plaintiff submitted an application to the United States Patent and Trademark Office for registration of the mark "L.A. Gold Clothing Company" for "women's clothing, namely, tops, bodysuits, pants, shorts, skirts, jackets, shirts and vests." The application was published for opposition in the Official Gazette on October 4, 1994 at TM201.

On December 22, 1994, defendant L.A. Gear, Inc. filed a notice of opposition to plaintiff's trademark registration application with defendant Commissioner of Patents and Trademarks in Washington, D.C., and the opposition was assigned Opposition No. 96,-399. The opposition proceeding is still pending before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office.

After the opposition to plaintiff's application to register the mark "L.A. Gold Clothing Company" was filed, defendant L.A. Gear, Inc. notified plaintiff that it would oppose any and all attempts to register or use any trademark that contained "LA" or "L.A." without regard to whether the proposed mark to be used or registered was similar enough to the mark of defendant L.A. Gear, Inc. to create a likelihood of confusion. As a result of the controversy created by the correspondence of defendant L.A. Gear, Inc., it is impossible for plaintiff to protect its right to use "LA" or "L.A." as part of any of its brand names for clothing products, regardless of how dissimilar the name and logo might be to that of defendant L.A. Gear, Inc. Plaintiff advised defendant L.A. Gear, Inc. that it would like to use the name "YOU SAY LA" in interstate commerce, and, in response, plaintiff was informed that defendant L.A. Gear, Inc. would oppose this mark because it contains "LA."

Plaintiff seeks a declaration that it has the right to use the mark "L.A. Gold Clothing Company" for women's clothing; that it has the right to use and register with the United States Patent and Trademark Office the mark "YOU SAY LA" or any other mark not likely to cause confusion with the mark of defendant L.A. Gear, Inc.; and that plaintiff

---

1. It is undisputed that plaintiff and defendant L.A. Gear, Inc. are manufacturers of women's apparel, competing within the same industry and within similar geographical areas.

has the right to register any mark with the letters "LA" or "L.A." if said mark is not likely to cause confusion with the mark of defendant L.A. Gear, Inc. or with the mark of any competitor that has rights senior to that of plaintiff. Plaintiff also seeks a declaration that defendant Commissioner of Patent and Trademarks register the mark "L.A. Gold Clothing Company" under Registration No. 74/472,964.

### III

When a motion under Rule 12 of the Federal Rules of Civil Procedure is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and need not be determined. *See Jeffrey Banks, Ltd. v. Jos. A. Bank Clothiers, Inc.,* 619 F.Supp. 998, 1001 n. 7 (D.Md.1985). In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), a district court may consider matters outside the pleadings. "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *See Warner Cable Communications Inc. v. Borough of Schuylkill Haven,* 784 F.Supp. 203, 205 (E.D.Pa.1992), *citing, St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.), *cert. denied,* 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989). Upon a motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction must be allowed a reasonable opportunity to demonstrate jurisdiction. The burden is, therefore, upon said party to show jurisdiction. *See Sitkoff v. BMW of North America, Inc.,* 846 F.Supp. 380, 383 (E.D.Pa.1994). *See also Koch v. United States,* 814 F.Supp. 1221, 1226 (M.D.Pa.1993) (When defendant supports its attack on jurisdiction with supporting affidavits, plaintiff has burden of re-

sponding to facts so stated and conclusory response of restatement of allegations of complaint is not sufficient).

In support of its motion to dismiss for lack of subject matter jurisdiction, defendant L.A. Gear, Inc. submitted, *inter alia,* the affidavit of Stephen J. Jeffries in which Mr. Jeffries states that he is a member of the Bar of the State of Maryland and the Bar of the District of Columbia, having been engaged in the practice of law since 1990; that he is an attorney with the law firm of Gadsby & Hannah, which is located in Washington, D.C.; that Gadsby & Hannah represents defendant L.A. Gear, Inc. in this civil action; that he has personal knowledge of the facts set forth in the affidavit and, if called as a witness, he would be competent to testify thereto; that Gadsby & Hannah represents defendant L.A. Gear, Inc. in the opposition proceeding currently pending before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office; that this opposition relates only to the ability of plaintiff to register the trademark "L.A. Gold" for women's clothing, namely, tops, bodysuits, pants, shorts, skirts, jackets, shirts and vests; that, after the filing of this declaratory judgment action, he undertook a thorough review of Gadsby & Hannah's correspondence files in the opposition proceeding; that the files he reviewed constitute all of the written communications made by Gadsby & Hannah on behalf of defendant L.A. Gear, Inc. to plaintiff's prior counsel, Ostrolenk, Faber, Gerb & Soffen; that the correspondence is attached to the affidavit as Exhibit A; that none of the attached correspondence contains any statements, made either by or on behalf of defendant L.A. Gear, Inc., which constitute a threat of litigation against plaintiff; and that he did not threaten to institute litigation against plaintiff in any of his telephone conversations with plaintiff's prior counsel regarding the opposition proceeding. (Memorandum in Support, Exh. 1).[2]

**2.** The affidavit of Don C. Lawrence, Assistant Secretary and Intellectual Property Counsel for defendant L.A. Gear, Inc., was also submitted in support of the motion of defendant L.A. Gear, Inc. to dismiss or, in the alternative, for a change of venue. With the exception of Mr. Lawrence's

statement that at no time has defendant L.A. Gear, Inc. threatened litigation against plaintiff in relation to the use or registration of the "L.A. Gold" mark, the statements in the affidavit pertain to defendant L.A. Gear, Inc.'s motion for a

In opposition to the motion to dismiss for lack of subject matter jurisdiction, plaintiff submitted the affidavit of Jeffrey Fisher, plaintiff's Vice–President, which states that plaintiff is a manufacturer of women's apparel for nationwide marketing; that, on December 21, 1993, plaintiff applied for registration of the mark "L.A. Gold Clothing Company" for its line of women's clothing; that, on December 22, 1994, defendant L.A. Gear, Inc. filed an opposition to plaintiff's application with defendant Commissioner of Patents and Trademarks in Washington, D.C.; that defendant L.A. Gear, Inc. has aggressively pursued its opposition to the registration of plaintiff's mark; that, by letter dated April 29, 1996, defendant L.A. Gear, Inc. indicated its position that the use of any trademark on plaintiff's women's apparel containing the abbreviation "L.A." or the letters "LA" would create a likelihood of confusion with its marks; that, as a result of the actions and position taken by defendant L.A. Gear, Inc., plaintiff is concerned that its use of these marks might expose it to trademark infringement claims by defendant L.A. Gear, Inc. with the resultant potential liability and disruption to plaintiff's business and customer relations; and that plaintiff commenced the instant action in an effort to resolve the legal issue as to whether its continued use of the mark "L.A. Gold Clothing Company" or future use of a different mark incorporating "L.A." or "LA" will result in exposing plaintiff to claims of trademark infringement by defendant L.A. Gear, Inc. (Brief in Opposition, Exh. C).

The April 29, 1996 letter from counsel for defendant L.A. Gear, Inc. to plaintiff's counsel, which is referred to in Mr. Fisher's affidavit, states in its entirety:

April 29, 1996

*VIA FACSIMILE (w/o attachments)*

Stephen N. Weiss, Esq.
Ostrolenk, Faber, Gerb & Soffen, LLP
1180 Avenue of the Americas
New York, New York 100366–8403

Re: L.A. Gear, Inc. v. L.A. Gold Clothing Company
Opposition No. 96,399

change of venue. (Memorandum in Support,

Dear Stephen:

We have recently received L.A. Gear's comment upon the terms of settlement you had proposed during the course of our April 16, 1996 telephone conference concerning the referenced matter.

As we have previously noted, L.A. Gear enjoys a particularly high degree of consumer recognition in connection with the designation "L.A." and its "L.A." formative family of marks. *See* attached. It is thus L.A. Gear's position that any use of the designations "L.A." or "LA" on or in connection with clothing and/or footwear poses a likelihood of confusion.

In view of the foregoing, L.A. Gear is unable and unwilling to consent to L.A. Gold's use or registration of L.A. GOLDEN (in typed form) or YOU SAY L.A. (and design, as depicted in your April 16, 1996 facsimile communication) on or in connection with clothing or footwear.

L.A. Gear is, however, willing to make a lump sum payment in the amount of $3,000.00 to L.A. Gold in the event that L.A. Gold is willing to commit to using a new mark which does not include the designations "L.A." or "LA".

Please let us know whether or not L.A. Gold is willing to accept the aforementioned terms of settlement within the next 15 days. In the event this matter cannot be resolved through settlement within the next 15 days, L.A. Gear has indicated that it will go forward with the opposition. We look forward to hearing from you.

Sincerely,

GASDBY & HANNAH

Paul F. Kilmer
Stephen J. Jeffries

(Memorandum in Support, Exh. A to Exh. 1).

IV

 In an action seeking a declaratory judgment of the right to use an unregistered trademark, the requirement of an "actual controversy" is met if the plaintiff has a real and reasonable apprehension that he will be subjected to liability if he continues marketing

Exh. 4).

ing his product. *See, e.g., Chesebrough–Pond's, Inc. v. Faberge, Inc.,* 666 F.2d 393, 396 (9th Cir.), *cert. denied,* 459 U.S. 967, 103 S.Ct. 294, 74 L.Ed.2d 277 (1982), *citing, Societe de Conditionnement v. Hunter Engineering Co.,* 655 F.2d 938, 944 (9th Cir.1981). It is clear that a party cannot claim to have acquired a reasonable apprehension of litigation merely because the defendant commenced an opposition proceeding in the United States Patent and Trademark Office. *See, e.g., Topp–Cola Co. v. Coca–Cola Co.,* 314 F.2d 124, 125–126 (2d Cir.1963); *Circuit City Stores, Inc. v. Speedy Car–X, Inc.,* 35 U.S.P.Q.2d 1703, 1706, 1995 WL 568818 (E.D.Va.1995).

In seeking the dismissal of this action for lack of subject matter jurisdiction, defendant L.A. Gear, Inc. argues that, since it has never accused plaintiff of trademark infringement or taken any action beyond filing of the ongoing opposition proceeding before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office, there is no "actual controversy" between the parties because no issue of trademark infringement exists. (Memorandum in Support, p. 4).

In response to this argument, plaintiff contends that, based on the representation by counsel for defendant L.A. Gear, Inc. in his April 29, 1996 letter that any use of the designations "L.A." or "LA" in connection with clothing or footwear poses a likelihood of confusion, which is a key element in demonstrating trademark infringement, together with (1) the opposition proceeding already instituted by defendant L.A. Gear, Inc. against plaintiff; (2) the fact that the parties are competitors in the same industry in similar geographical areas; and (3) the fact that defendant L.A. Gear, Inc. has not withdrawn

any portion of its representation in the papers it has filed in support of its motion to dismiss, it is only reasonable to conclude that a very real risk of potential liability exists if plaintiff exercises what it believes to be its legal rights. (Brief in Opposition, p. 5).[3] Plaintiff relies heavily on the decision of the United States Court of Appeals for the Ninth Circuit in *Chesebrough–Pond's, Inc. v. Faberge, Inc.,* 666 F.2d 393 (9th Cir.), *cert. denied,* 459 U.S. 967, 103 S.Ct. 294, 74 L.Ed.2d 277 (1982) and the decision of the district court in *Jeffrey Banks, Ltd. v. Jos. A. Bank Clothiers, Inc.,* 619 F.Supp. 998 (D.Md. 1985) in support of the argument that, based on the actions of defendant L.A. Gear, Inc., it had a real and reasonable apprehension of being subjected to a trademark infringement action at the time of the filing of this declaratory judgment action.

After consideration, the court concludes that plaintiff has failed to establish that an "actual controversy" exists between itself and defendant L.A. Gear, Inc. at this time. As noted above, the filing of a notice of opposition to an application for a trademark registration is insufficient in itself to establish an "actual controversy" for purposes of a declaratory judgment action. Moreover, in the court's opinion, the statements in the April 29, 1996 letter of defendant L.A. Gear, Inc.'s attorney that any use of the designations "L.A." or "LA" in connection with clothing or footwear poses a likelihood of confusion and that defendant L.A. Gear, Inc. would go forward with the opposition proceeding in the event the matter could not be resolved through settlement are insufficient to put plaintiff in real and reasonable apprehension of being subjected to a claim of trademark infringement. This conclusion is bolstered by the uncontroverted fact that defendant L.A. Gear, Inc. has filed many opposition

---

**3.** Plaintiff also argues that defendant L.A. Gear, Inc. is a major corporation that is well known for aggressively policing its intellectual property through opposition and infringement actions brought nationwide. (Brief in Opposition, p. 7). In its reply brief, defendant L.A. Gear, Inc. agrees that this description of its policy concerning its intellectual property is "generally accurate," noting that it has filed a number of trademark infringement cases. It is argued, however, that the key difference between those cases and the instant dispute is the fact that defendant L.A.

Gear, Inc. has not brought or threatened an infringement action against plaintiff. Instead, it filed an opposition proceeding, which is the manner in which it has pursued similar matters in the past. After setting forth a list of twenty-five (25) opposition proceedings it has filed against various business entities, defendant L.A. Gear, Inc. notes that it has not sought to invoke the authority of the federal courts in any of those proceedings and that it has not indicated an intent to do so in this matter. (Reply Brief, pp. 4–7).

proceedings without resort to the federal courts.

Finally, the court concludes that the cases relied upon by plaintiff in its opposition to the motion to dismiss are distinguishable from the present case. Turning first to the *Chesebrough–Pond's* case, the defendant in that case did not disclaim an intent to pursue a trademark infringement action but, in fact, responded to the plaintiff's complaint for declaratory and injunctive relief with a counterclaim for damages for trademark infringement. By contrast, in this case, it is undisputed that defendant L.A. Gear, Inc. has neither threatened to file a claim of trademark infringement against plaintiff nor has it responded to the complaint of plaintiff by asserting a counterclaim. As to the *Jeffrey Banks* case, the letter sent to the plaintiff by the attorney for the defendant's parent company in that case contained language that was much more likely to create a real and reasonable apprehension of being subjected to a trademark infringement claim. Specifically, the letter alleged that the plaintiff's use of the trademark "Jeffrey Banks" violated the defendant's rights under 15 U.S.C. § 1114, and that the use of this trademark constituted a false representation of affiliation or association under 15 U.S.C. § 1125(a). The letter concluded by asking the plaintiff to take immediate steps to cease and desist from all use of the trademark "Jeffrey Banks" in connection with the sale of clothing. Thereafter, the defendant filed a notice of opposition to the plaintiff's application to register its trademark with the United States Patent and Trademark Office. The district court's conclusion that the defendant's actions created in the plaintiff a reasonable apprehension of an infringement suit was based, in large part, on the "threatening shadow of the July 9th letter, made more ominous by the notice of opposition." 619 F.Supp. at 1002. In the present case, the court simply cannot equate the April 29, 1996 letter of counsel for defendant L.A.

Gear, Inc. with the letter relied upon by the district court in *Jeffrey Banks* to conclude that the plaintiff has established a real and reasonable apprehension of a claim of trademark infringement.[4] Under the circumstances, the motion of defendant L.A. Gear, Inc. to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) will be granted.

---

4. Even if the facts of the *Jeffrey Banks* case could not be distinguished from the facts in the present case, *Jeffrey Banks* is a decision of the United States District Court for the District of Maryland and its holding does not necessarily represent the opinion of the United States Court of Appeals for the Third Circuit to which an appeal in this action will lie. The court has been unable to find any case in which the Court of Appeals for the Third Circuit has considered the issues presented in *Jeffrey Banks* and in this action.