### John P. HORVATH

v.

### FEDERAL DEPOSIT INSURANCE CORPORATION.

No. CIV. A. 98–3307.

United States District Court, E.D. Pennsylvania.

Aug. 31, 1998.

845

Richard F. Stevens, Paul F. Laughlin, Stevens & Johnson, Allentown, PA, for Plaintiff.

Charles L. Cope, Thomas A. Schulz, F.D.I.C., Washington, DC, for Defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff John P. Horvath has filed this civil action and motion for temporary restraining order and preliminary injunction to enjoin the Federal Deposit Insurance Corporation ("FDIC") from prohibiting one James L. Leuthe from further participation in the banking industry without the prior written consent of the FDIC and other relevant federal regulatory agencies. This case is presently before this Court for disposition of Plaintiff's motion for TRO/preliminary injunction, the FDIC's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), (4), (5) and (6) and the motion of Stephen M. Alinikoff to intervene in the case. For the reasons which follow, the motion to dismiss shall be granted, the motion for preliminary injunction shall be denied and the motion for intervention shall be denied as moot.

### Factual Background

The instant action is an outgrowth of a case which was previously before this Court wherein James Leuthe, a former director and institution-affiliated party of the First Lehigh Bank of Walnutport, Pennsylvania, sought to have the FDIC's administrative

enforcement proceedings which were then underway against him declared null and void. On September 8, 1997, we granted the motions of the Office of Financial Institution Adjudication ("OFIA"), the FDIC, Office of the Comptroller of the Currency ("OCC"), Office of Thrift Supervision ("OTS"), the Federal Reserve Board ("FRB") and the National Credit Union Administration ("NCUA") to dismiss that action on the grounds that the district courts have only limited jurisdiction to: (1) issue injunctions setting aside, limiting or suspending the enforcement, operation or effectiveness of a temporary cease-and-desist order pending completion of the administrative enforcement proceedings; and (2) issue orders enforcing any effective and outstanding order issued under 12 U.S.C. §§ 1818 or 1831o or 1831p–1 on application of any of the appropriate Federal banking agencies. *See:* 12 U.S.C. § 1818(c)(2), (i)(1).[1]

In this case, Plaintiff Horvath avers that since August 3, 1994, he has been a shareholder of First Lehigh Corporation, the holding company which owns all of the issued and outstanding shares of First Lehigh Bank, and that he purchased 1,000 shares of Senior Preferred Stock in reliance on a prospectus approved by the FDIC.[2] (Pl's Complaint, ¶¶ s1, 15, 27). That prospectus referred to an Order entered pursuant to a stipulation of the parties resolving certain litigation with the Pennsylvania Department of Banking in the Commonwealth Court and provided, in relevant part:

> **Management Changes.** The Pennsylvania Order also imposed the following management changes: (i) James L. Leuthe was required to resign as an officer and director of the Bank and not be involved in the day-to-day operations of the Bank, although Mr. Leuthe was permitted to remain as a member of the Board of Directors of the company and Chairman of the Company; (ii) the Board of Directors of the Bank was ordered to elect a new president to the Bank and increase and maintain the number of directors of the Bank to a minimum of six directors, subject to prior approval of such persons by the Department and the FDIC; and (iii) the Bank is required to retain qualified management and notify the Secretary of Banking of Pennsylvania of any resignations or terminations of any directors or senior executive officers of the Bank. Mr. Leuthe may be elected to the Board of Directors of the Bank at the conclusion of the earlier to occur of: (a) March 31, 1995; or (b) the achievement of the Performance Objectives of the Bank, provided that the Bank has complied with the terms of the Order.

Plaintiff avers that he "...will suffer irreparable damage, injury and harm if the FDIC is allowed, in separate regulatory proceedings brought against James Leuthe, to bar and preclude him from the banking business for life." (Pl's Complaint, ¶ 9). This allegation is based upon plaintiff's apparent belief "...that only Mr. Leuthe could attract the necessary financing to ensure FLC's and FLB's success. Indeed, the only reason investors would risk their funds by purchasing FLC's Preferred stock was their confidence that James Leuthe would be able to revitalize FLC and FLB and thus make their investment profitable." (Pl's Complaint, ¶ 18).

### Discussion

The FDIC contends that this lawsuit should be dismissed for lack of subject matter jurisdiction, insufficiency of process and service of process, failure to state a claim upon which relief can be granted and because plaintiff lacks standing to obtain the injunctive relief sought. Since we find that there is

---

1. By unpublished Memorandum Opinion issued by the Third Circuit Court of Appeals on June 8, 1998, our decision in *Leuthe v. Office of Financial Institution Adjudication,* 977 F.Supp. 357 (E.D.Pa.1997) was affirmed in all respects.

2. Although Mr. Horvath's complaint represents that he "is also acting as a representative capacity for all the other shareholders of First Lehigh Bank who bought shares in reliance on [this] prospectus," following motion by the FDIC for designation of the real parties in interest and in-chambers conference with the parties, Mr. Horvath has represented that he would withdraw any and all claims which he may have been pressing in his "representative capacity." Mr. Horvath thus stands alone as the sole plaintiff in this action.

no subject matter jurisdiction, we do not reach defendant's other arguments. Moreover, in the absence of jurisdiction to act, an injunction cannot issue and hence plaintiff's motion for preliminary injunction/temporary restraining order must be denied.

### A. Standards Governing Rule 12(b)(1) Motions.

Under Fed.R.Civ.P. 12(b)(1), a party may file a motion to dismiss for lack of subject matter jurisdiction. A district court can grant a Rule 12(b)(1) motion based on the legal insufficiency of the claim but dismissal is proper only when the claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1408–09 (3rd Cir.1991). *See Also: Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73 (1974). Unlike a motion to dismiss for failure to state a claim in which the plaintiff is entitled to have all reasonable inferences drawn in his favor, when jurisdiction is challenged under Rule 12(b)(1), the burden is on the plaintiff to prove that jurisdiction exists and the courts are not limited in their review to the allegations of the complaint. *Doe v. William Shapiro, Esquire, P.C.,* 852 F.Supp. 1246, 1249 (E.D.Pa.1994).

Similarly, any evidence may be reviewed and any factual disputes resolved regarding the allegations giving rise to jurisdiction as it is for the Court to resolve all factual disputes involving the existence of jurisdiction. *Sitkoff v. BMW of North America, Inc.,* 846 F.Supp. 380, 383 (E.D.Pa.1994). In contrast, if the attack to jurisdiction is facial, that is, to the allegations of jurisdiction stated in the complaint, the factual allegations of the complaint are presumed to be true and the complaint is reviewed to ensure that each element necessary for jurisdiction is present. *Id.* If jurisdiction is based on a federal question, the pleader claiming federal jurisdiction simply must show that the federal claim is not frivolous. *Radeschi v. Commonwealth of Pennsylvania,* 846 F.Supp. 416, 419 (W.D.Pa.1993), citing *Bartholomew v. Librandi,* 737 F.Supp. 22 (E.D.Pa.), *aff'd,* 919 F.2d 133 (3rd Cir.1990). Only if it appears to a certainty that the pleader will not be able to assert a colorable claim of subject matter jurisdiction may the complaint be dismissed. *Kronmuller v. West End Fire Co. No. 3,* 123 F.R.D. 170, 172 (E.D.Pa.1988). *See Also: Mortensen v. First Federal Savings and Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir.1977).

### B. Jurisdiction to Hear Plaintiff's Claims.

At paragraphs 5–8 of his complaint, plaintiff avers that this Court has subject matter jurisdiction here under 28 U.S.C. §§ 1331 and 1336 in that his claims arise out of, relate to and involve a federal administrative agency as a defendant.

Indeed, it is well-settled that a series of federal statutes gives numerous federal agencies such as the Federal Reserve Board and the FDIC substantial regulatory power over banks, bank holding companies and other insured financial institutions. *See: Board of Governors v. MCorp Financial, Inc.,* 502 U.S. 32, 37, 112 S.Ct. 459, 463, 116 L.Ed.2d 358 (1991); *Hindes v. F.D.I.C.,* 137 F.3d 148, 155 (3rd Cir.1998); 12 U.S.C. § 1818, *et. seq.* Specifically, the Financial Institutions Supervisory Act ("FISA") [as amended by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") ], 12 U.S.C. § 1818, authorizes the Board of Governors of the Federal Reserve System to institute administrative proceedings culminating in cease-and-desist orders, [12 U.S.C. § 1818(a)-(b) ] and to issue temporary cease-and-desist orders that are effective upon service on a bank holding company. *MCorp,* 502 U.S. at 38, 112 S.Ct. at 463; 12 U.S.C. § 1818(c).

In addition, that statute establishes a tripartite regime of judicial review which provides, first, that within 10 days after service of a temporary order, a bank holding company may seek an injunction in district court restraining enforcement of the order pending completion of the related administrative proceeding; and second, authorizing Court of Appeals review of final Board orders upon application of an aggrieved party. *Id.,* citing 12 U.S.C. § 1818(c)(2), (h).

To prevent regulated parties from interfering with the comprehensive powers of the

federal banking regulatory agencies, however, Congress severely limited the jurisdiction of courts to review administrative proceedings brought by banking agencies. Thus, with respect to actions under § 1818, section 1818(i) provides:

> "[t]he appropriate Federal banking agency may in its discretion apply to the United States district court or the United States court of any territory within the jurisdiction of which the home office of the depository institution is located, for the enforcement of any effective and outstanding notice or order issued under this section or under section 1831*o* or 1831p–1 of this title and such courts shall have jurisdiction and power to order and require compliance herewith; but except as otherwise provided in this section or under section 1831*o* or 1831p–1 of this title, *no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section, or to review, modify, suspend, terminate, or set aside any such notice or order.*"

(emphasis added)

*CityFed Financial v. Office of Thrift Supervision,* 58 F.3d 738, 741–742 (D.C.Cir.1995).

■■■■ Additionally, given that federal courts are courts of limited jurisdiction empowered only to hear those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress, when a plaintiff seeks to sue the United States or an instrumentality thereof, he cannot rely on the general federal question jurisdiction of 28 U.S.C. § 1331, but must instead identify a specific statutory provision that waives the government's sovereign immunity from suit. *Henry v. Office of Thrift Supervision,* 43 F.3d 507, 511 (10th Cir.1994). That waiver, however, must be unequivocally expressed. *Clinton County Commissioners v. U.S.E.P.A.,* 116 F.3d 1018 (3rd Cir.1997).

■■■■ Furthermore and as we previously observed in *Leuthe,* "…if there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies. There is also a strong presump-

tion against the availability of simultaneous review in both the district court and the court of appeals." 977 F.Supp. at 361 *citing, Kreschollek v. Southern Stevedoring Co.,* 78 F.3d 868, 870 (3rd Cir.1996). With regard to review of FDIC orders, 12 U.S.C. § 1818(h) specifically states in relevant part:

(1) Any hearing provided for in this section…shall be held in the Federal judicial district or territory in which the home office of the depository institution is located unless the party afforded the hearing consents to another place and shall be conducted in accordance with the provisions of chapter 5 of Title 5. After such hearing, and within ninety days after the appropriate Federal banking agency or Board of Governors of the Federal Reserve System has notified the parties that the case has been submitted to it for final decision, it shall render its decision (which shall include findings of fact upon which its decision is predicated) and shall issue and serve upon each party to the proceeding an order or orders consistent with the provisions of this subsection (h) of this section. *Judicial review of any such order shall be exclusively as provided in this subsection (h) of this section* . . . .

(2) Any party to any proceeding under paragraph (1) *may obtain a review of any order* served pursuant to paragraph (1) of this subsection . . . . *by the filing in the court of appeals of the United States for the circuit in which the home office of the depository institution is located, or in the United States Court of Appeals for the District of Columbia Circuit,* within thirty days after the date of service of such order, a written petition praying that the order of the agency be modified, terminated or set aside . . . . . *Upon the filing of such petition, such court shall have jurisdiction, which upon the filing of the record shall except as provided in the last sentence of said paragraph (1) be exclusive, to affirm, modify, terminate, or set aside, in whole or in part, the order of the agency.* Review of such proceedings shall be had as provided in chapter 7 of Title 5. The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari, as provided in section 1254 of Title 28.

(emphasis supplied)

Here, plaintiff seeks to circumvent the FDIC's statutorily-conferred authority to bar James Leuthe from further participation in the affairs of First Lehigh Bank and First Lehigh Corporation by obtaining an injunction from the district court enjoining the FDIC from enforcement of its June 26, 1998 Final Decision. Inasmuch as the statute clearly provides that **exclusive jurisdiction** for review of the FDIC's decision rests with the Court of Appeals, we find plaintiff's request for injunctive relief to be in direct contravention of **both** 12 U.S.C. § 1818(h)(1), (2) and § 1818(i). Accordingly, we can reach no other conclusion but that we do not have the requisite jurisdiction to act in this matter and that the FDIC's motion to dismiss on this ground must be granted and plaintiff's request for preliminary injunction must be denied.[3]

In light of our ruling on the FDIC's motion to dismiss and there thus being no action in which to intervene, Mr. Alinikoff's motion for intervention must likewise be denied.

---

**3.** To prevail on a motion for preliminary injunction, the plaintiff must demonstrate (1) a substantial likelihood of success on the merits of his claim; (2) that he would suffer irreparable injury if the injunction is not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction. *CityFed Financial v. Office of Thrift Supervision, supra,* 58 F.3d at 746. For the reasons articulated above, plaintiff does not have a substantial likelihood of succeeding on the merits of his claim and hence his motion for preliminary injunction/TRO is properly denied.